[Civ. No. 38976. Second Dist., Div. Two. May 4, 1972.]

MARTIN JULEN, Plaintiff and Appellant, v.
PHILLIP G. LARSON, Defendant and Respondent.

**COUNSEL**

Milan Moacanin for Plaintiff and Appellant.

Denis T. Rice, Gerald A. Wright and Howard, Prim, Smith, Rice & Downs for Defendant and Respondent.

**OPINION**

**FLEMING, J.**—Martin Julen (plaintiff) doing business as JULEN-SPORT in Zermatt, Switzerland, filed a complaint against Phillip G. Larson (defendant) and Robert La Place predicated on a money judgment rendered

by a Swiss court of general jurisdiction in connection with the sale of goods. (Code Civ. Proc., §§ 1713-1713.8, the Uniform Foreign Money-Judgments Recognition Act.) Defendant's motion for summary judgment was granted by the trial court on the principal ground that the service of Swiss process was not "reasonably calculated" to give defendant notice of the action which resulted in the Swiss judgment. (See *Mullane* v. *Central Hanover Tr. Co.*, 339 U.S. 306 [94 L.Ed. 865, 70 S.Ct. 652].)

The merits of the controversy which resulted in the foreign judgment are not before us. Prior to the entry of the Swiss judgment, defendant received two letters dated 3 March and 16 June 1965 by certified mail from the Consulate General of Switzerland in San Francisco. Neither letter gave notice of the nature of the documents which it enclosed.[1] We take judicial notice that the enclosures were documents in the German language. (Evid. Code, § 451, subd. (f).)

Defendant's affidavit in support of his motion for summary judgment states: "I do not read German," and the counteraffidavit tacitly admits this claim. Further, defendant avers he was not apprised of the contents of the documents, and although the counteraffidavit asserts that defendant was generally aware that plaintiff intended to take legal action against him, it does not suggest that defendant knew what the documents were or how or where they originated.

 To be recognized and enforced in the same manner as the judgment of a sister state entitled to full faith and credit, a foreign money judgment must be conclusive. (Code Civ. Proc., §§ 1713.2, 1713.3.) It is not conclusive if the foreign court did not acquire personal jurisdiction over the defendant. (Code Civ. Proc., § 1713.4.) Here personal jurisdiction over defendant was claimed on the ground that defendant had been doing business in Switzerland and had thereby subjected himself to the jurisdiction of the Swiss courts. (Code Civ. Proc., § 1713.5, subd. (b).) Assuming the validity of this claim (cf. *International Aerial Tramway Corp.* v. *Konrad Dopplemayr & Sohn,* 70 Cal.2d 400 [74 Cal.Rptr. 908, 450 P.2d 284]), the Swiss court could acquire personal jurisdiction over defendant only by effective service of its process. Although service of process by mail in a foreign country is no longer automatically objectionable and in appropriate instances may result in the acquisition by a foreign

---

[1] "I have been requested by the authority of Visp, Switzerland, to forward you the enclosed documents. Please acknowledge receipt by dating, signing and returning the enclosed receipt form no Z 56792 to this Consulate General."

"I am enclosing herewith a letter dated May 28, 1965 addressed to you by the authorities of Visp, Switzerland. Please acknowledge receipt of this letter by dating, signing and returning the enclosed slip no Z 56792 to this Consulate General."

court of personal jurisdiction over a defendant (cf. Code Civ. Proc., §§ 413.10, 415.40, 417.20), the process served must give defendant sufficient notice of the pending foreign proceedings to satisfy the requirements of due process of law.

Notice to be effective must be informative. There is no evidence that defendant acquired knowledge in fact of the action pending against him in Switzerland. Defendant did not understand the language in which the legal documents were written, and the accompanying correspondence did not identify the documents as materials of legal significance. After the Swiss judgment had been rendered defendant received a third communication in German, dated 25 July 1966, accompanied by a letter in English which first referred to a Swiss District Court for the first time. Even then the communication provided no further explanation of the proceedings.

Hence plaintiff must rely on the service of the documents themselves to support his claim that legal notice of the pending Swiss action was given to the defendant by the Swiss court. Notice is legally sufficient if it is reasonably calculated to impart knowledge of an impending action. (Code Civ. Proc., § 413.10, subd. (c); *Mullane* v. *Central Hanover Tr. Co.*, 339 U.S. 306, 314-315 [94 L.Ed. 865, 873-874, 70 S.Ct. 652]; Rest., Judgments, § 22, com. (c).) While we do not require documents in a foreign language to be translated into English in order to be validly served, we think at a minimum a defendant should be informed in the language of the jurisdiction in which he is served [in California, English (Code Civ. Proc., § 185)] that a legal action of a specific nature is pending against him at a particular time and place. Normally this information should include the location of the pending action, the amount involved, the date defendant is required to respond, and the possible consequences of his failure to respond. Judged by this standard the notice given here was inadequate. We emphasize that no great amount of formality is required for effective notice. If the letter from the Swiss Consulate had informed defendant that an action by Julen for SF30,000 was pending against him in the Swiss cantonal court of Wallis and that unless he responded by a particular date judgment in that amount might be entered against him, then the nature of the documents served on defendant would have been sufficiently explained, and the requirements of due process of law with respect to notice would have been met.

We are fortified in our conclusion by an examination of the recently established requirements in the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, effective 10 February 1969. (20 U.S.T. pt. I, pp. 361-373 (1969).) Article 5 of the

Convention requires that at the time of the service of documents abroad a summary of the documents shall be served in addition to the documents themselves. The form of this summary is detailed in the Convention, and it outlines the minimum information necessary for adequate notice.[2] The

[2]Following is a copy of the Summary form:

---

**" SUMMARY OF THE DOCUMENT TO BE SERVED**

Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, the ............................1966.

(article 5, fourth paragraph)

Name and address of the requesting authority: ............ ..................................... .............. ..

......................................................................... ....

......................................................... ... ..

Particulars of the parties *: ........................................................................ ..

..................................................................................................... ...

............................................................................................. ...

**JUDICIAL DOCUMENT **

Nature and purpose of the document: ............................................................ ..

.................................................................................. ....... . ....

........................................................................................ ...

Nature and purpose of the proceedings- and, where appropriate, the amount in dispute: ......................................................................................

............................................................................ . ..

...................................................................................... ...

Date and place for entering appearance **: ....................................................

.................................................................................. ....

Court which has given judgment **: ............................................................ ... ..

......................................................................................... ... ..

Date of judgment **

Time limits stated in the document **: ............ .................. ............ ...........................

.................... .................. ..................

**EXTRAJUDICIAL DOCUMENT **

Nature and purpose of the document: ................... ...................... .............. . . ...

.......................................... ...... ............................ ......... .. .....

........................ ...... ............................ ......... .. ..

Time limits stated in the document **: .................................... ......... . ........................ . .. ..

............................................................................. ........ .

.................................... .................................. ....

\* If appropriate, full name and address of the person interested in the transmission of the document.
\*\* Delete if inappropriate. "

---

(20 U.S.T. 371 (1965).)

Convention states that the standard terms of the summary shall be written in English or French and may also be written in the language of the originating state, and the corresponding blanks in the form shall be completed in English or French or the language of the serving state. The Convention also declares in Article 5 that the serving state may require the documents served be translated into its official language. While we do not believe translation of the documents themselves should be routinely required, we think the summary served with the documents should normally be written in English, that is to say the language of the place of service. Translation of the summary into English, if necessary, imposes little burden on the process and yet insures that the essentials of the documents are made known to the person served.

Since in the present case no informative notice was given in English, we conclude that the documents and correspondence served on defendant did not give him sufficient notice of the pending Swiss action and consequently the Swiss court never acquired the basis on which to adjudicate the claim of personal jurisdiction over defendant.

The judgment is affirmed.

Roth, P. J., and Compton, J., concurred.