[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT CORPORATION'S MOTION TO DISMISS
In this action, one of the defendants is a Swedish corporation, Brokk A.B. (Brokk). It has filed a motion to dismiss which is based on the allegedly "improper and invalid attempt at service of process by the plaintiff."
Because Brokk is a foreign corporation, the Hague Convention Treaty CT Page 5159 controls as to the requirements as to how service is to be made. See § 52-59d (a) of the General Statutes. The Convention "was intended to provide a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad." Volkswagenwerk v.Schlunk, 486 U.S. 694, 698 (1988). The court, on the following page, went on to say that: "By virtue of the Supremacy Clause, U.S. Const., Art. VI, the Convention preempts inconsistent methods of service prescribed by state law in all cases to which it applies."
At pages 698-699, the court noted that:
 "The primary innovation of the Convention is that it requires each state to establish a central authority to receive requests for service of documents from other countries (see Article 2 of Convention). Once a central authority receives a request in the proper form, it must serve the documents by a method prescribed by the internal law of the receiving state or by a method designated by the requester and compatible with that law. Art. 5 (of Treaty)."
This is the second motion to dismiss filed in this case. The defendant corporation prevailed on the first motion and bases its present motion on two grounds:
 "a. The document served, i.e. the summons was not written and/or translated, rather only the complaint was translated.
 b. The plaintiff failed to provide the mandatory "Request" form as such request form is annexed to the treaty document which document also must be translated into Swedish."
There are no Connecticut appellate cases addressing the requirements of service under the Hague Convention. There are only a few Superior Court decisions, none of them dealing with the issues presented in this case. The court has relied on the "United States Code Service.: International Agreements" for its copy of the Convention. There are a few cases noted in that volume. Also, there is a short discussion in 62B Am.Jur.2d in the article on "Process" at §§ 377 through 384, pps. 1054-1060. That article makes an observation to the effect that there have been a "relatively small number of cases which have been litigated under the provisions of the Hague Convention." CT Page 5160
The title of the treaty in question is the "Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters." Sweden has accepted the Convention, but in doing so, has made certain declarations. It has designated a central authority to receive documents and it has also made the following declaration:
 "By virtue of the third paragraph of Art. 5 of the Convention [of] the Central Authority requires that any document to be served under the first paragraph of the same article must be written into Swedish."
Article 5 of the Convention referred to in the declaration reads as follows:
ARTICLE 5
 The Central Authority of the State addressed shall itself serve the document or shall arrange to have it served by an appropriate agency, either —
 (a) by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory, or
 (b) by a particular method requested by the applicant, unless such a method is incompatible with the law of the State addressed.
 Subject to sub-paragraph (b) of the first paragraph of this article, the document may always be served by delivery to an addressee who accepts it voluntarily.
 If the document is to be served under the first paragraph above, the Central Authority may require the document to be written in, or translated into, the official language or one of the official languages of the State addressed.
 The part of the request, in the form attached to the present Convention, which contains a summary of the document to be serviced, shall be served with the document.
The court will discuss the arguments made by the defendant in reverse order. First, the court will discuss the failure to append a form (included in the Annex to the Convention) to the document sent to the CT Page 5161 Central Authority. This form is entitled "Request for Service Abroad of Judicial or Extrajudicial Documents." (Request for Service.)
The Request for Service form must accompany the document sent to the Central Authority which sets forth the substance of the claim. The mandatory language of Article 3 of the Convention seems to make that clear. It says:
ARTICLE 3
 The authority or judicial officer competent under the law of the State in which the documents originate shall forward to the Central Authority of the State addressed a request conforming to the model annexed to the present Convention, without any requirement of legislation or other equivalent formality.
 The document to be served or a copy thereof shall be annexed to the request. The request and the document shall both be furnished in duplicate.
Is this action subject to dismissal because the Request for Service form was not
translated into Swedish? The court concludes that it is not for the simple reason that Sweden's declaration does not mandate that the request for service be in Swedish. That declaration says that any "document" referred to in the first paragraph of Article 5 and to be served shall be in Swedish. The Convention makes a distinction in Article 3 between such "document" and the "request for service" as does the last paragraph of Article 5. Article 7 of the Convention refers to the so-called "model" attached to the Convention which includes models of the "Request for Service," the "Certificate" filed by the Central Authority when service is brought about and the so-called "Summary of the Document to Be Served." Article 7 says the following:
ARTICLE 7
 The standard terms in the model annexed to the present Convention shall in all cases be written either in French or in English. They may also be written in the official language, or in one of the official languages, of the State in which the documents originate.
 The corresponding blanks shall be completed either in CT Page 5162 the language of the State addressed or in French or in English.
Sweden has not made any declaration to the effect that it does not accept Article 7 of the convention. (But see confusing case of Julen v.Larson at 101 Cal.Rptr. 796, 799 (1972.)
The dichotomy between the "document" to be served and the "request for service" makes sense. The purpose of the Convention was as said inSchlunk "to provide a simpler way to serve process abroad, to assure that the defendants sued in foreign jurisdictions would receive actual notice of suit, and to facilitate service abroad." It, of course, comports with that purpose that the person or entity being sued receive a document describing the nature of the suit in his, her or its native language — nothing else would be fair. But there is no such necessity for documents sent to the central authority for its use by the plaintiff.
The court has found one case that agrees with this position. In Taylorv. Uniden Corp. of America, et al, 622 F. Sup. 1011 (D.C. Mo., 1985), suit was brought against a Japanese corporation. The court noted that in Japan documents to be served under the Convention must be translated into Japanese.[1] The defendant corporation moved to quash service of process on the ground that the complaint was not served in compliance with the requirement of the Convention.
At page 1016, the court denied the motion and said the following:
 "Plaintiff translated its summons and complaint into Japanese. The issue presented is whether the request form must also be translated.
 Article 5 provides that only the document to be served need be translated. The `document' refers only to the judicial document, not the request form. Though the final paragraph of Article 5 provides that the portion of the request form summarizing the documents be served with the documents, this provision does not require translation of the request form. Consistent with the preamble of the Convention, the request form is designed to simplify and expedite service by providing the Central Authority with information in a standardized fashion. In this case, if the Japanese authority found the form or documents inadequate, it could have objected under Article 4. It has not done so. Defendant has received the translated summons and complaint and can demonstrate no prejudice resulting CT Page 5163 from the procedures followed by the plaintiff."
In other words, the "Request for Service" form is designed to provide information and be of assistance of the Central Authority and there is no indication the Swedish central authority objected to the "Request for Service." For the foregoing reasons, the court will not dismiss this action based on the fact that the Request for Service was not translated into that language.
The "summons" presents a more difficult problem. Is the summons part of the "document" that must be served? Is such a "document" referenced in Article 5 of the Convention and thus necessarily referenced in the Swedish declaration which sets as a condition for accepting the Convention that it be translated into Swedish? As noted, the complaint was translated into Swedish, but not the summons and that is an independent basis for the defendant corporation's motion to dismiss. First, the court would note that in deciding this question, the court does not rely on the defendant's reference to § 8-1 of our Practice Book as offering any guidance. That the summons is an "indispensable component in effectuating service of process "in our practice" has no direct bearing on the issue at hand. The Convention must be interpreted on its own terms under what can probably be characterized as some form of international common law based on what the purpose and language of the Convention require so that it can be effectuated as intended — a requirement of the supremacy clause for a local court. Connecticut law as such would seem to have no bearing.
Whatever the summons may be called, the information it contains is what should determine whether it should be considered a "document" under the Convention and specifically Article 5 and therefore subject to being translated into Swedish — a requirement, which if mandated, has to be a predicate for this court's assertion of jurisdiction over a Swedish national. The way to resolve this question is again to review the contents of the summons in light of the purpose behind the adoption of the convention. The object was obviously to facilitate service of suits making claims across national borders for redress of various kinds and so that prospective defendants, foreign nationals, receive "actual and timely notice of suit."
The "summons" in this case tells the defendant information it could not gather from reading the complaint and which is necessary if the defendant is to be said to receive timely notice of the suit and actual notice in any meaningful sense of the legal situation it must attend to. These considerations, at least to this court, require that the "summons" be considered a document under the Convention. The "summons" tells the defendant the date by which it must enter an appearance, the address of CT Page 5164 the place it must enter the appearance at and the consequences of not doing so.
The courts mentioning this matter do not seem to have any difficulty in considering the summons an adjunct to the complaint and therefore a "document" under the Convention. In Taylor v. Uniden, supra, the court seemed to assume both were "documents" which had to be translated into Japanese.
The court noted both summons and complaint had been so translated and went on to say: "The issue presented is whether the request form mustalso be translated." (Emphasis added by this court.) Also, cf. Vorheesv. Fischer Krecke, 697 F.2d 574 (CA 4, 1983). In Vorhees, the court found the service improper and said that "In signing the treaty, West Germany specified that judicial documents be forwarded through one of various designated central authorities and that such documents be written in, or translated into, the German language. In the instant case, the summons and complaint were mailed directly to Fischer Krecke and did not include a German language translation," id. p. 575.
Here, the summons attached to the complaint was not translated nor as far as the court is aware, was another form in the Annex to the Convention called "Summary of the Document to be Served" attached to the complaint. If the just referred to "Summary" had been translated and sent along with the complaint that might have sufficed for adequate notice and might even be considered to be a "summons" because the document at least gives the "date and place for entering appearance.
The point here is that the "summons" was not translated, and no translated summary was attached. Regarding this lapse, it does not appear to be adequate response, for example, to say that the Swedish Central Authority did not object under Article 4 to the request actually made to serve process on one of its citizens. It is one thing to weigh that as a factor in deciding whether the fact that the "Request for Service" form was not translated should invalidate the service — that form was created for the benefit of the Central Authority, and it could take the steps it deemed necessary to protect its interests. Here, Sweden by its declaration in accepting the Convention has determined what it considers a necessary protection for its citizens — that certain documents be translated. The fact that the authority has not objected qua authority does not belie the fact that Sweden has predetermined this protection is an important predicate for permitting service on its nationals.
Also, it is no answer to the problem to say, well here, the defendant corporation did get adequate notice — after all, they are here in court filing a motion to dismiss and they have a copy of the complaint, CT Page 5165 in fact, this is the second time around on this type of motion and the same defense lawyers have now been hired twice. Sweden has a right to set the terms under which it will protect its nationals under a Convention that it is not obligated by international law to adopt. This court has no right to interfere with what is an exercise of Swedish sovereignty based on some self-invented fairness concepts. The signatories to this Convention may well have an interest in seeing that the terms of the Convention are strictly complied with for prophylactic reasons and in any event its nationals have a perfect right to enforce the requirements that their sovereign has considered necessary predicates to valid service. The process that is due is determined by the Convention and its language, not by some "what's fair under the circumstances" equation — that would violate the supremacy clause.
The motion to dismiss is granted.[2]
Corradino, J.