[No. B227950. Second Dist., Div. Three. July 7, 2011.]

SECURITAS SECURITY SERVICES USA, INC., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
MICHAEL J. HOLLAND et al., Real Parties in Interest.

## Counsel

Brown Gitt Law Group, Thomas P. Brown IV, Sherry B. Shavit and Katarzyna W. Nowak for Petitioner.

No appearance for Respondent.

Westrup Klick, R. Duane Westrup, Christine C. Choi; Appleton Magnanimo & Dean, Frank A. Magnanimo; Cuneo Gilbert & LaDuca and Jon A. Tostrud for Real Parties in Interest.

OPINION

**CROSKEY, Acting P. J.**—Michael J. Holland, David Richardson and Geraldine Evans filed a class action complaint against Securitas Security Services USA, Inc. (Securitas), alleging wage and hour violations. Securitas moved for summary adjudication of the second count for nonpayment of mandatory split-shift pay, arguing that plaintiffs working consecutive overnight shifts that are not interrupted by unpaid, nonworking periods do not work split shifts and therefore are not entitled to split-shift pay under the applicable wage order. The trial court denied the motion. Securitas challenges the denial.

We conclude that employees working consecutive overnight shifts that are not interrupted by unpaid, nonworking periods do not work split shifts, as defined in the Industrial Wage Commission's wage order No. 4-2001 (Cal. Code Regs., tit. 8, § 11040), commonly known as "Wage Order No. 4." Securitas is not entitled to summary adjudication, however, because it failed to show that plaintiffs have not worked split shifts in other circumstances falling within the wage order definition. We therefore will deny the petition and remand with directions.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are currently or were formerly employed by Securitas as security guards or field supervisors. Plaintiffs sometimes work night shifts beginning one calendar day and ending the next, sometimes in excess of eight hours. Their work schedules and the number of hours worked vary somewhat from day to day. Securitas has established plaintiffs' workday as beginning at midnight and ending the following midnight, with the result that their shifts sometimes are divided between two workdays.

Plaintiffs filed a class action complaint against Securitas in July 2008 and filed a second amended complaint in December 2009.[1] Plaintiffs allege several counts for wage and hour violations. They allege in their second count that Securitas failed to pay mandatory split-shift pay.

Securitas moved for summary adjudication of the second count only, arguing that plaintiffs are not entitled to split-shift pay because they do not work "split shifts" as defined in Wage Order No. 4. Securitas argued that an uninterrupted work shift that spans midnight and falls in two calendar days and two workdays is not a split shift, and that a split shift does not occur if an employee ends such an overnight shift in the morning and begins another

---

[1] We take judicial notice of plaintiffs' second amended complaint filed on December 4, 2009. (Evid. Code, § 452, subd. (d).)

overnight shift late in the evening of the same workday. Plaintiffs argued in opposition that a split shift occurs whenever an employee works two nonconsecutive periods in the same workday, such as when a shift begins on one workday and ends on another and the employee then returns to work several hours later on the second workday. Plaintiffs also argued that Securitas had failed to pay split-shift pay not only where the employee worked shifts spanning midnight on consecutive days, but also where the employee worked nonconsecutive periods in the same workday without working through midnight.

The trial court concluded that a "split shift" as defined in Wage Order No. 4 occurs whenever an employee works two nonconsecutive periods of time in the same workday. The court rejected Securitas's interpretation of a "split shift," concluding that Securitas had failed to show that the plaintiffs were not entitled to split-shift pay, and therefore denied the motion for summary adjudication.

Securitas petitioned this court for a writ of mandate or other extraordinary relief. We issued an order stating that we were considering the issuance of a peremptory writ of mandate in the first instance directing the trial court to vacate its order denying the motion for summary adjudication and enter a new order granting the motion. We granted the trial court the power and jurisdiction to reconsider and change its order and invited Securitas to file an opposition to the issuance of a peremptory writ of mandate in the event that the trial court did not change its order. After the trial court failed to change its order, Securitas filed an opposition and plaintiffs filed a reply. In light of the issues raised by the parties, we issued an order to show cause.

## CONTENTIONS

Securitas contends employees who work uninterrupted overnight shifts on consecutive days do not work a "split shift" and are not entitled to split-shift pay. As we explain, we agree with Securitas. The trial court's conclusion to the contrary was error.

## DISCUSSION

### 1. *Standard of Review*

Summary judgment is appropriate only if there is no triable issue of material fact and the moving party is entitled to judgment in its favor as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) Summary adjudication is appropriate only if there is no triable issue of material fact as to one or more causes of action within an action. (*Id.*, § 437c, subd. (f)(1).) A defendant

moving for summary judgment or summary adjudication must show that one or more elements of the plaintiff's cause of action cannot be established or that there is a complete defense. (*Id.*, subd. (p)(2).) The defendant can satisfy its burden by presenting evidence that negates an element of the cause of action or evidence that the plaintiff does not possess and cannot reasonably expect to obtain evidence needed to support an element of the cause of action. (*Miller v. Department of Corrections* (2005) 36 Cal.4th 446, 460 [30 Cal.Rptr.3d 797, 115 P.3d 77] (*Miller*).) If the defendant meets this burden, the burden shifts to the plaintiff to set forth "specific facts" showing that a triable issue of material fact exists. (Code Civ. Proc., § 437c, subd. (p)(2).)

We review the trial court's ruling de novo, liberally construe the evidence in favor of the party opposing the motion, and resolve all doubts concerning the evidence in favor of the opposing party. (*Miller, supra,* 36 Cal.4th at p. 460.) We will affirm an order granting summary judgment or summary adjudication if it is correct on any ground that the parties had an adequate opportunity to address in the trial court, regardless of the trial court's stated reasons. (*California School of Culinary Arts v. Lujan* (2003) 112 Cal.App.4th 16, 22 [4 Cal.Rptr.3d 785]; see Code Civ. Proc., § 437c, subd. (m)(2).)

2. *Wage Order No. 4*

The Industrial Welfare Commission regulates wages and other working conditions in California through its wage orders. (*Tidewater Marine Western, Inc. v. Bradshaw* (1996) 14 Cal.4th 557, 576 [59 Cal.Rptr.2d 186, 927 P.2d 296].) Wage Order No. 4, entitled "Order No. 4-2001 Regulating Wages, Hours and Working Conditions in Professional, Technical, Clerical, Mechanical, and Similar Occupations," establishes minimum wages for employees in particular occupations working a split shift. Section 4 of the wage order states, under the heading "Minimum Wages":

"(C) When an employee works a split shift, one (1) hour's pay at the minimum wage shall be paid in addition to the minimum wage for that workday, except when the employee resides at the place of employment." (Cal. Code Regs., tit. 8, § 11040, subd. 4(C).)

Wage Order No. 4 defines a "split shift" as "a work schedule, which is interrupted by non-paid non-working periods established by the employer, other than bona fide rest or meal periods." (Cal. Code Regs., tit. 8, § 11040, subd. 2(Q).)

A "shift" is defined as "designated hours of work by an employee, with a designated beginning time and quitting time." (Cal. Code Regs., tit. 8, § 11040, subd. 2(P).) A "workday" is defined as "any consecutive 24-hour

period beginning at the same time each calendar day." (*Id.*, subd. 2(T); see also Lab. Code, § 500, subd. (a).)

### 3. *Rules of Statutory Construction*

■ Wage orders are quasi-legislative regulations and are construed in the same manner as statutes under the ordinary rules of statutory construction. (*Singh v. Superior Court* (2006) 140 Cal.App.4th 387, 392 [44 Cal.Rptr.3d 348].)

■ "Our fundamental task in construing a statute is to ascertain the legislative intent so as to effectuate the purpose of the law. (*Hassan v. Mercy American River Hospital* (2003) 31 Cal.4th 709, 715 [3 Cal.Rptr.3d 623, 74 P.3d 726].) Because the statutory language ordinarily is the most reliable indicator of legislative intent, we begin by examining the words of the statute. (*Ibid.*) We give the words of the statute their ordinary and usual meaning and construe them in the context of the statute as a whole and the entire scheme of law of which it is a part. (*State Farm Mutual Automobile Ins. Co. v. Garamendi* (2004) 32 Cal.4th 1029, 1043 [12 Cal.Rptr.3d 343, 88 P.3d 71].) If the language is clear and a literal construction would not result in absurd consequences that the Legislature did not intend, we presume that the Legislature meant what it said and the plain meaning governs. (*Coalition of Concerned Communities, Inc. v. City of Los Angeles* (2004) 34 Cal.4th 733, 737 [21 Cal.Rptr.3d 676, 101 P.3d 563].) If the language is ambiguous, we may consider a variety of extrinsic aids, including the purpose of the statute, legislative history, and public policy. (*Ibid.*)" (*Frontier Oil Corp. v. RLI Ins. Co.* (2007) 153 Cal.App.4th 1436, 1448–1449 [63 Cal.Rptr.3d 816].)

■ Statutes and regulations governing wages, hours and working conditions are remedial in nature and must be liberally construed for the protection and benefit of employees. (*Prachasaisoradej v. Ralphs Grocery Co., Inc.* (2007) 42 Cal.4th 217, 227 [64 Cal.Rptr.3d 407, 165 P.3d 133].)

### 4. *Employees Working Consecutive Uninterrupted Overnight Shifts Do Not Work a Split Shift*

■ Wage Order No. 4 defines a "split shift" as "a work schedule" that "is interrupted by non-paid non-working periods established by the employer, other than bona fide rest or meal breaks." (Cal. Code Regs., tit. 8, § 11040, subd. 2(Q).) The term "work schedule" is not defined in either the wage order or the Labor Code. In the context of a provision establishing minimum wages to compensate employees who are required to return to work after an interruption in their "work schedule," we believe that a "work schedule" simply means an employee's designated working hours or periods of work. In

our view, this is so irrespective of the "workday" established by the employer. A "split shift" occurs only when an employee's designated working hours are interrupted by one or more unpaid, nonworking periods established by the employer that are not bona fide rest or meal periods. The fact that a single continuous shift happens to begin during one "workday" and end in another does not result in a "split shift." Thus, employees working uninterrupted overnight shifts on consecutive days do not work a split shift and are not entitled to split-shift pay under the wage order.

The California Supreme Court in *Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094 [56 Cal.Rptr.3d 880, 155 P.3d 284] (*Murphy*) discussed the dual purposes of overtime, reporting-time, and split-shift provisions:

■ "Overtime pay is only one such example of a dual-purpose remedy that is primarily intended to compensate employees, but also has a corollary purpose of shaping employer conduct. Reporting-time and split-shift pay serve a similar dual function. [Citation.] For example, under IWC wage orders, when an employee is required to report for work and does report, but is not put to work or is given less than half the scheduled work, 'the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay . . . .' (Cal. Code Regs., tit. 8, § 11070, subd. 5(A).) When an employee is required to work a 'split shift' (is scheduled for two nonconsecutive shifts in the same day), the employer must pay the employee one additional hour of wages. (Cal. Code Regs., tit. 8, § 11070, subd. 4(C); see *Caliber Bodyworks, Inc. v. Superior Court* [(2005)] 134 Cal.App.4th [365,] 381 [36 Cal.Rptr.3d 31].)

"In addition to compensating employees, reporting-time and split-shift pay provisions 'encourag[e] proper notice and scheduling . . . [and are] an appropriate device for enforcing proper scheduling consistent with maximum hours and minimum pay requirements.' [Citation.] As with overtime, reporting-time and split-shift pay provisions do not become penalties for statute of limitations purposes simply because they seek to shape employer conduct in addition to compensating employees. [Citations.]" (*Murphy, supra,* 40 Cal.4th at pp. 1111–1112.)

*Murphy, supra,* 40 Cal.4th at page 1099, held that the "one additional hour of pay" (Lab. Code, § 226.7, subd. (b)) required under Labor Code section 226.7 for an employer's failure to provide a meal or rest break constitutes wages or premium pay, rather than a penalty, for purposes of the statute of limitations. Although the parenthetical statement in *Murphy* describing a split shift, quoted above, was not essential to its holding, we believe that *Murphy*

is consistent with our conclusion that plaintiffs working uninterrupted overnight shifts on consecutive days do not work a split shift and that the wage order was not intended to compensate employees in those circumstances.

■ Our conclusion that plaintiffs do not work split shifts and are not entitled to split-shift pay is limited to their claim that consecutive, uninterrupted overnight shifts create a split shift. Plaintiffs' second count for failure to pay split-shift premiums, however, is not limited to purported split shifts created by consecutive overnight shifts, but also encompasses other instances in which they allegedly worked split shifts. Securitas made no effort to show that plaintiffs have not worked split shifts in other circumstances that might fall within the wage order definition for which they may be entitled to split-shift pay. We therefore conclude that Securitas failed to sustain its burden as the party moving for summary adjudication to show that plaintiffs cannot establish an element of their cause of action and are not entitled to summary adjudication.

## DISPOSITION

The petition is denied and the matter is remanded for further proceedings not inconsistent with the views expressed herein. Each party is to bear its own costs in this appellate proceeding.

Kitching, J., and Aldrich, J., concurred.

The petition of real parties in interest for review by the Supreme Court was denied October 19, 2011, S195666.