Filed 3/13/14  St. Philip Catholic Church v. Kubicek CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ST. PHILIP CATHOLIC CHURCH et al., | B244912 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. YC063866) |
| v. | |
| JANA MICHELLE KUBICEK, as Administrator, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Cary Nishimoto, Judge.  Affirmed.

Squire Sanders, Adam R. Fox, Helen H. Yang and Emily L. Wallerstein for Plaintiffs and Appellants.

John Vozenilek, for Defendant and Respondent.

\* \* \* \* \* \*

Plaintiff and appellant St. Phillip & St. Jacob Catholic Church appeals following a grant of summary judgment in favor of defendant and respondent Jana Michelle Kubicek, as Administrator of the Estate of Josef Kubicek (Estate). Appellant filed a complaint seeking to enforce a judgment entered against decedent Josef Kubicek (Kubicek) in the Czech Republic. The trial court ruled the Estate satisfied its burden on summary judgment to show the judgment should not be recognized. We affirm. The Estate met its burden under the applicable statutory scheme to show that the judgment should not be enforced because Kubicek lacked noticed of the underlying proceedings and the judgment was obtained in violation of his due process rights. (See Code Civ. Proc., § 1716, subds. (c)(1) & (c)(8).)

## FACTUAL AND PROCEDURAL BACKGROUND

According to a judgment issued in the Czech Republic in July 2003 (Judgment), Kubicek entered into a loan agreement in 1992 with three parishioners of appellant by which he borrowed 19 million Czech Crowns and promised repayment by 1995. After Kubicek defaulted, appellant, as a guarantor under the loan, repaid the parishioners in 1996 and 1997. Appellant subsequently instituted proceedings against Kubicek in the Czech Republic seeking to recover the amount it had paid under the guaranty. Efforts to notify Kubicek of the action at both his last known address in Rancho Palos Verdes and an address in the Czech Republic failed, and he did not appear. The Judgment further recited that a legal guardian, who was an employee of the court, represented Kubicek; however, without justification, she did not appear at the proceedings and the Czech court heard the matter in her absence.

At those proceedings, appellant presented evidence concerning the loan, which the Czech court found proved Kubicek had acknowledged his debt and promised to repay it with interest, that appellant had repaid the debt as a guarantor and that Kubicek had failed to reimburse appellant. The Judgment in favor of appellant obligated Kubicek to "pay the interest on [an] overdue payment of 26% to the Plaintiff from the amount of CZK 19 million for the period from February 1, 1998 until the moment of payment and to reimburse the Plaintiff for litigation costs in the amount of CZK 18,990." All amounts

2

were due within three days after the Judgment took effect. Execution proceedings were thereafter initiated according to Czech procedure.

Kubicek died in May 2009 and his daughter, Jana Michelle Kubicek, was appointed as the administrator of his estate in the probate action entitled *Estate of Josef Kubicek, Decedent*, Los Angeles County Superior Court Case No. YP 010632. Appellant asserted it did not learn of the probate proceedings until June 2010. In September 2010, appellant filed a creditor's claim in the amount of $2,899,043.30 on the basis of the judgment, and in October 2010 the Estate rejected the claim in its entirety.

In December 2010, appellant filed a verified complaint against the Estate seeking enforcement of the Judgment. The Estate answered, admitting certain allegations and denying others, and asserting several affirmative defenses.

The parties thereafter each filed motions for summary judgment. Appellant argued the undisputed evidence showed it was entitled to enforcement of the Judgment. In support of the motion it offered its attorney's declaration concerning how it became aware of the probate proceedings, an English translation of the Judgment, a Czech decree of execution of the Judgment and an English translation thereof, March 2005 correspondence from Kubicek's attorney to the Czech Republic concerning execution of the Judgment and an English translation thereof, and a Czech Resolution indicating that Kubicek had challenged execution of the Judgment in 2005 and an English translation thereof. In its own motion, the Estate maintained the undisputed evidence established appellant was not entitled to enforcement of the Judgment because it was obtained without notice and in violation of due process. It further argued appellant's claim in the probate proceedings was untimely. As evidence supporting the motion, the Estate offered its counsel's declaration in which he averred he reviewed the file in the Czech court and saw no documents showing that Kubicek had been served at his address or that he had ever appeared in the action prior to entry of the Judgment; Jana Kubicek's declaration regarding Kubicek's address and his lack of knowledge of the Judgment; the declaration of Jan Miks, a Czech attorney who opined the manner in which the Judgment recited guardian was appointed for Kubicek breached Kubicek's right to a fair trial under Czech

3

law, and an English translation of the declaration; and copies of Czech cases supporting Miks's opinion and English translations thereof. The Estate also requested judicial notice of the probate action file. Each party opposed the other's motion, relying primarily on the grounds asserted and evidence offered to support the respective motions. The Estate also filed an evidentiary objection to appellant's counsel's declaration.

Subsequently, the parties re-filed their respective summary judgment motions and the trial court heard the motions in August 2012. It granted the Estate's motion on the ground it did not recognize the Judgment, correspondingly denied appellant's motion, and entered a judgment dismissing the action with prejudice. In its written order, the trial court relied on Code of Civil Procedure section 1716, subdivisions (b)(2) and (c)(1) regarding recognition of a foreign judgment, and explained that the Estate "provided evidence to show that the underlying judgment was obtained in violation of decedent Kubicek's due process rights, that personal jurisdiction was not obtained over the decedent, and decedent had no notice of the underlying judgment. Plaintiff provides no evidence to rebut this showing." The trial court reasoned the evidence showed that the only attempt at service was made at an address where Kubicek did not reside and the manner in which the Czech court appointed a guardian was insufficient to protect Kubicek's rights.

This appeal followed.

## DISCUSSION

Appellant contends the Estate failed to meet its threshold burden to offer admissible evidence showing the Judgment should not be enforced. We disagree.

## I. Summary Judgment Principles and Standard of Review.

A defendant moving for summary judgment "bears the burden of persuasion that there is no triable issue of material fact and that [it] is entitled to judgment as a matter of law." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.) To meet this burden, the defendant must show one or more elements of the cause of action cannot be established, or that there is a complete defense to that cause of action. (Code Civ. Proc., § 437c, subd. (o)(2); *Aguilar v. Atlantic Richfield Co., supra,* at p. 850.) Once the

4

moving party's burden is met, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of material fact.  (*Silva v. Lucky Stores, Inc.* (1998) 65 Cal.App.4th 256, 261.)

"'In order to avert summary judgment the plaintiff must produce *substantial* responsive evidence sufficient to establish the existence of a triable issue of material fact on the issues raised by the plaintiff's causes of action.' [Citation.]" (*Leek v. Cooper* (2011) 194 Cal.App.4th 399, 417.)  The plaintiff may not rely upon the mere allegations or denials of its pleadings to show the existence of a triable issue of fact; rather, "[t]here is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof. . . ." (*Aguilar v. Atlantic Richfield Co.,* *supra,* 25 Cal.4th at p. 850, fn. omitted; see also Code Civ. Proc., § 437c, subd. (o)(2); *Parsons v. Crown Disposal Co.* (1997) 15 Cal.4th 456, 464, fn. 4.)

We review a grant of summary judgment de novo, "considering 'all of the evidence set forth in the [supporting and opposition] papers, except that to which objections have been made and sustained by the court, and all [uncontradicted] inferences reasonably deducible from the evidence.' [Citation.]" (*Artiglio v. Corning, Inc.* (1998) 18 Cal.4th 604, 612.)  "In independently reviewing a motion for summary judgment, we apply the same three-step analysis used by the superior court.  We identify the issues framed by the pleadings, determine whether the moving party has negated the opponent's claims, and determine whether the opposition has demonstrated the existence of a triable, material factual issue." (*Silva v. Lucky Stores, Inc., supra,* 65 Cal.App.4th at p. 261.) "On review of a summary judgment, the appellant has the burden of showing error, even if he did not bear the burden in the trial court.  [Citation.]" (*Claudio v. Regents of University of California* (2005) 134 Cal.App.4th 224, 230.)

"We will affirm an order granting summary judgment . . . if it is correct on any ground that the parties had an adequate opportunity to address in the trial court, regardless of the trial court's stated reasons.  [Citations.]" (*Securitas Security Services USA, Inc. v. Superior Court* (2011) 197 Cal.App.4th 115, 120; see also *Jackson v. Ryder*

*Truck Rental, Inc.* (1993) 16 Cal.App.4th 1830, 1836 ["If summary judgment was properly granted on any ground, we must affirm regardless of whether the court's reasoning was correct"].)

## II.    The Trial Court Properly Granted Summary Judgment.

In its complaint, appellant alleged a single claim in which it sought enforcement of the Judgment following the notice of rejection in the probate proceedings.  In support of its claim, it attached to its complaint a copy of the Judgment and an English translation thereof, together with a copy of its creditor's claim.

The validity of appellant's claim is governed by the Uniform Foreign-Country Money Judgments Recognition Act, Code of Civil Procedure section 1713 et seq. (Act).[1] The Act "applies to foreign-country judgments that grant or deny recovery of a sum of money and that are final, conclusive, and enforceable under the law of the foreign country.  (§§ 1715, subd. (a), 1724.)"  (*Hyundai Securities Co., Ltd. v. Ik Chi Lee* (2013) 215 Cal.App.4th 682, 688.)  The party seeking recognition must raise the issue by filing an action or bringing a cross-claim or affirmative defense.  (§ 1718.)  The Act "allocates the burden of proof for establishing whether a foreign-country money judgment is within the scope of the Act and whether there is any ground for not recognizing the existence of the judgment.  (§§ 1715, subd. (c), 1716.)  The party seeking recognition of a foreign-country money judgment has the burden to establish entitlement to recognition under the Act, while the party resisting recognition has the burden of establishing a specified ground for nonrecognition.  (*Ibid.*)"  (*Hyundai Securities Co., Ltd. v. Ik Chi Lee, supra,* 215 Cal.App.4th at p. 689; accord, *Naoko Ohno v. Yuko Yasuma* (9th Cir. 2013) 723 F.3d 984, 991 ["California's Uniform Act provides that the courts of California 'shall recognize a foreign-country judgment' for money damages that is final, conclusive, and enforceable where rendered, except if one or more of the mandatory grounds for non-recognition enumerated in § 1716(b), or discretionary grounds for non-recognition enumerated in § 1716(c), applies"].)

---

[1]    Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

More specifically, section 1716, subdivision (b) sets forth the mandatory bases for non-recognition, providing that "[a] court of this state shall not recognize a foreign-country judgment if any of the following apply: [¶] (1) The judgment was rendered under a judicial system that does not provide impartial tribunals or procedures compatible with the requirements of due process of law. [¶] (2) The foreign court did not have personal jurisdiction over the defendant. [¶] (3) The foreign court did not have jurisdiction over the subject matter."  Section 1716, subdivision (c) sets forth the discretionary grounds for non-recognition, providing that "[a] court of this state is not required to recognize a foreign-country judgment if any of the following apply: [¶] (1) lack of notice to the defendant; [¶] (2) fraud; [¶] (3) repugnancy of the foreign judgment or cause of action to public policy; [¶] (4) conflicts with another final and conclusive judgment; [¶] (5) contrariness to an agreement between the parties regarding the resolution of disputes; [¶] (6) inconvenience of the foreign forum; [¶] (7) doubt about the integrity of the rendering court; [¶] (8) incompatibility of the judgment with the requirements of due process of law; and [¶] (9) a recovery under defamation law that provides less protection for freedom of speech and the press than is provided under the U.S. and California Constitutions."  Unless one of the specified defenses applies, the court "shall recognize a foreign-country judgment to which [the Act applies]."  (§ 1716, subd. (a).)

Applying the Act to the evidence offered on summary judgment, the trial court concluded the Estate met its burden to establish three statutory exceptions:  lack of personal jurisdiction, lack of notice and incompatibility with due process principles.  It further ruled appellant offered no evidence to create a triable issue of fact as to those defenses.  The trial court explained that evidence showing the only attempt of service on Kubicek was a letter addressed to a location where he did not reside, coupled with the lack of service pursuant to the Hague Convention, established both a lack of personal jurisdiction and lack of notice.  It further explained that the appointment of a representative or "guardian" who was an employee of the Czech court and failed to appear at the proceedings established a violation of Kubicek's due process rights.

7

The trial court properly granted summary judgment on the ground the Estate satisfied its burden to show both lack of notice and lack of due process under section 1716, subdivisions (c)(1) and (c)(8).[2] (See generally *Bank Melli Iran v. Pahlavi* (9th Cir. 1995) 58 F.3d 1406, 1409 [finding the defendant satisfied its burden on summary judgment to establish affirmative defense mandating that foreign judgment not be enforced].) According to the face of the Judgment, Kubicek did not appear at the proceedings. The Judgment further provided that Kubicek was served only at his last known address at 18 La Vista Verde in Rancho Palos Verdes and that his current address was unknown. Consistent with the recitations in the Judgment, the Estate's counsel John Vozenilek averred in a declaration that he travelled to the Czech Republic in June 2011 and reviewed the documents filed in the case leading to the Judgment. In the file, he saw documents showing that appellant had provided the Czech court with an address for Kubicek at 18 La Vista Verde, that the court had attempted to send registered mail to that address and that the letter had been returned to the sender as "undeliverable." He also saw a statement from the Czech police that Kubicek's residency permit had expired. In addition to viewing those documents, he observed the absence of certain types of documents in the file, namely: "a) documents showing any attempt by the Czech Court to ascertain [Josef] Kubicek's new address in California; b) documents showing that either Plaintiff or the Czech Court attempted to serve Josef Kubicek through the Hague Convention;[3] c) documents showing that the Guardian had filed any documents on behalf

---

[2] We agree with appellant that the Estate's failure to offer evidence or request judicial notice of Czech law relating to personal jurisdiction precludes it from relying on section 1716, subdivision (b)(2). While the procedural requirement of service of process is necessary to acquire personal jurisdiction over a defendant sued in the United States (e.g., *Omni Capital Int'l., Ltd. v. Rudolf Wolff & Co., Ltd.* (1987) 484 U.S. 97, 104; *Conseco Marketing, LLC v. IFA and Insurance Services, Inc.* (2013) 221 Cal.App.4th 831, 843), a foreign judgment is not entitled to recognition "'[i]f the rendering court did not have jurisdiction over the defendant *under the laws of its own state . . . .*'" (*Osorio v. Dole Food Co.* (S.D. Fla. 2009) 665 F.Supp.2d 1307, 1324, quoting Rest. (Third) of Foreign Relations (1987), § 482, cmt. (c)).

[3] See generally *Bakala v. Bakala* (S.C. 2003) 576 S.E.2d 156, 163 ["the Hague Service Convention requires each country to establish a central authority that receives

8

of Josef Kubicek; d) documents showing that Josef Kubicek had appeared in the litigation; e) documents showing that anybody had appeared on behalf of Josef Kubicek in the litigation in the Prague Court; f) documents which showed any communication between the Court appointed 'guardian' and Josef Kubicek or any attempt by the 'guardian' to locate Josef Kubicek; g) documents indicating that the 'guardian' provided any services to represent Kubicek's interests." Kubicek's daughter and the administrator of the Estate averred Kubicek had neither owned nor lived at 18 La Vista Verde since 1985. She further averred that she had no conversations with Kubicek before his death or saw documents in his files after his death that suggested he was aware of the Judgment.

"Notice is legally sufficient if it is reasonably calculated to impart knowledge of an impending action." (*Julen v. Larson* (1972) 25 Cal.App.3d 325, 328.) In *Julen v. Larson, supra,* at page 328, though a California defendant received two letters via certified mail from the Consulate General of Switzerland, the court found he did not receive sufficient notice an action was pending against him in Switzerland because he "did not understand the language [German] in which the legal documents were written, and the accompanying correspondence did not identify the documents as materials of legal significance." The notice was held inadequate because it failed to impart knowledge "that a legal action of a specific nature is pending against him at a particular time and place." (*Ibid.*) Here, the evidence showed Kubicek received even less than the defendant in *Jules v. Larson*. The text of the Judgment, as well as the declarations offered by the Estate, showed Kubicek was notified at a prior address and the notice was returned, his present address was unknown, he was not served by any other means and, ultimately, he did not appear.

The same evidence likewise supported the conclusion that the means by which the Judgment was obtained did not satisfy due process. (See *Bank Melli Iran v. Pahlavi, supra,* 58 F.3d at p. 1410 ["It can hardly be gainsaid that enforcement will not be permitted under California law if due process was lacking when the foreign judgment

requests for service of documents from other countries, serves the documents, and provides certificates of service"].)

9

was obtained"].) "[D]ue process generally requires 'notice and opportunity for hearing appropriate to the nature of the case.' [Citation.] . . . [A]ctual notice is not required; it is sufficient that notice be given by means 'reasonably calculated to reach' the person to be notified. [Citation.]" (*Hansen v. Board of Registered Nursing* (2012) 208 Cal.App.4th 664, 673-674.)

In addition to a lack of notice, the undisputed evidence likewise showed that the appointment and performance of Kubicek's guardian did not comport with due process. The Judgment recited that Sanislava Trousilkova, a Czech court employee, was appointed to represent Kubicek as his legal guardian in his absence, but that she "did not appear at the court proceedings that took place on July 9, 2003, without justification." The Judgment further confirmed that all proceedings took place in her absence. Attorney Vozenilek's declaration demonstrated the court file contained no documents filed by the guardian. According to Czech case law offered by the Estate, appointing a guardian who is a court employee violates due process.[4] The Czech Constitutional Court stated: "An office of a guardian—as the Constitutional Court has stated many times—was not stipulated by law in order to facilitate activity of a court by providing it an address where to send instruments, but to secure that interests of an absent party to proceedings are thoroughly protected; that means, *among others*, review of a file, filing a statement and conducting of the whole dispute for the absent party in such manner, in which a contractual representative would have to fulfill such duty. . . . [¶] We cannot expect that a court staff member—an employee—as a guardian of a party to proceedings in the matter that is being solved by the same court, would effectively contest procedure and decision of the court. To the contrary, in such event we cannot rule out a conflict between interest of the court . . . and interest of a party . . . . [¶][¶] The Regional Court in Ostrava by appointing its employee as a guardian for the complainant, which employee could not due to the character of the case effectively protect his rights—and actually she did not do

---

**4** We granted the Estate's request to take judicial notice of the Czech cases submitted to the trial court in support of the summary judgment motion. (See Evid. Code, § 452, subd. (f).)

10

so—prevented the complainant from a due protection of his rights and [deprived him of] an opportunity to exert his rights." Evidence that the Czech court appointed a court employee as Kubicek's guardian, coupled with evidence the guardian neither filed anything nor appeared at the hearing, likewise established a lack of due process under section 1716, subdivision (c)(8).

We find no merit to appellant's challenges to the grant of summary judgment. Though couched as a claim that the Estate failed to make a sufficient showing to meet its burden, appellant's key argument is directed to the admissibility rather than the sufficiency of the evidence. Appellant argues that the declarations offered by the Estate were inadmissible because they contain hearsay, are not based on personal knowledge and violate the best evidence rule. But appellant has forfeited any evidentiary objections by failing to raise them properly below. "A party objecting to evidence presented on a summary judgment motion must either object orally at the hearing or timely file separate, written evidentiary objections. (Cal. Rules of Court, rules 3.1352, 3.1354.)" (*Superior Dispatch, Inc. v. Insurance Corp. of New York* (2010) 181 Cal.App.4th 175, 192.) Rule 3.1352 of the California Rules of Court requires that a party desiring to make evidentiary objections in connection with a motion for summary judgment either submit written objections in accordance with rule 3.1354 or make arrangements for a court reporter to be present at the hearing. In turn, rule 3.1354 of the California Rules of Court requires that written objections be filed in a separate document and in a specified format.[5] Here,

---

[5] Rule 3.1354(b) of the California Rules of Court provides in relevant part: "All written objections to evidence must be served and filed separately from the other papers in support of or in opposition to the motion. Objections on specific evidence may be referenced by the objection number in the right column of a separate statement in opposition or reply to a motion, but the objections must not be restated or reargued in the separate statement. Each written objection must be numbered consecutively and must: [¶] (1) Identify the name of the document in which the specific material objected to is located; [¶] (2) State the exhibit, title, page, and line number of the material objected to; [¶] (3) Quote or set forth the objectionable statement or material; and [¶] (4) State the grounds for each objection to that statement or material." The rule further provides examples of two acceptable formats.

11

appellant neither filed separate written evidentiary objections nor provided a record of any oral objections made at the hearing. Instead, it buried its asserted objections in its responses to the Estate's separate statement of undisputed facts and, consequently, failed to obtain any rulings from the trial court. "[B]y failing to timely object in the manner required by the California Rules of Court, [appellant] waived its objections to this evidence. [Citation.]" (*Superior Dispatch, Inc. v. Insurance Corp. of New York, supra*, at p. 193 [evidentiary objections made in separate statement deemed waived]; accord, *Public Utilities Com. v. Superior Court* (2010) 181 Cal.App.4th 364, 376, fn. 9 [evidentiary objections made only in points and authorities deemed waived].)

We would likewise find no merit to appellant's arguments even if we were to consider them as a challenge to the sufficiency of the evidence rather than its admissibility. (See *Rincon v. Burbank Unified School Dist.* (1986) 178 Cal.App.3d 949, 954 ["Absence of evidentiary objection to otherwise inadmissible evidence presented in a declaration does not supply missing necessary elements of proof," fn. omitted].) Concerning notice, appellant argues that the only evidence Kubicek did not reside at 18 La Vista Verde was Jana Kubicek's declaration, which failed to recite how she was personally aware of her father's address. Appellant overlooks other evidence regarding Kubicek's address—namely, the statement in the Judgment that the Czech court considered Kubicek's current address to be unknown. ~(1 CT 14)~ Further, appellant contends that Vozenilek's observations of the absence of certain documents in the Czech court file was insufficient to demonstrate inaction on the part of the guardian or the court. The summary judgment statute, however, empowers the trial court to draw reasonable inferences from the evidence. (Code Civ. Proc., § 437c, subd. (c).) Given the statements in the Judgment that Kubicek's address was unknown and that neither he nor the guardian appeared at the hearing, it was reasonable for the trial court to infer that the absence of documents in the file constituted additional evidence that Kubicek's due process rights had not been protected. Finally, though appellant makes several arguments concerning the sufficiency of Miks's declaration concerning his interpretation of Czech law, the trial

12

court did not rely on his declaration—nor have we—in concluding the Estate met its burden to show the Judgment was not entitled to recognition.

Having concluded that the Estate met its threshold burden to show there was no triable issue of fact as to the application of section 1716, subdivision (c), we agree with the trial court that appellant failed to meet its burden to demonstrate a triable issue of fact. Appellant offered no evidence in support of its statement that, "Decedent was properly served according to Czech and California law" repeatedly asserted throughout its response to the Estate's separate statement of undisputed facts. The only affirmative evidence appellant offered was a letter dated October 12, 2004 showing Kubicek retained counsel, and a 2010 resolution showing that in 2005 counsel challenged a February 2004 resolution which ordered execution of the Judgment. While this evidence demonstrated that Kubicek was aware of the Judgment by sometime in 2004, it did not establish or suggest that he was aware of the proceedings resulting in the Judgment at the time of its entry. (See *Leslie G. v. Perry & Associates* (1996) 43 Cal.App.4th 472, 483 [plaintiff cannot defeat summary judgment on the basis of circumstantial evidence "merely by showing that the inferences [it] draws from those circumstances are *consistent* with [its] theory. Instead, [it] must show that the inferences favorable to [it] are *more reasonable or probable* than those against [it]"]; see also *Sangster v. Paetkau* (1998) 68 Cal.App.4th 151, 163 ["responsive evidence that gives rise to no more than mere speculation cannot be regarded as substantial, and is insufficient to establish a triable issue of material fact"]; *Joseph E. DiLoreto, Inc. v. O'Neill* (1991) 1 Cal.App.4th 149, 161 ["When opposition to a motion for summary judgment is based on inferences, those inferences must be reasonably deducible from the evidence, and not such as are derived from speculation, conjecture, imagination, or guesswork"].) Appellant cannot defeat summary judgment merely because it was possible that Kubicek was aware of the July 2003 proceedings. (*Leslie G. v. Perry & Associates, supra,* at p. 483.) The trial court properly determined that appellant failed to offer evidence sufficient to create a triable issue of fact concerning lack of notice and due process in connection with the Judgment.

## DISPOSITION

The judgment is affirmed.  The Estate is entitled to its costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J. *

FERNS

We concur:


_____, Acting P. J.

ASHMANN-GERST


_____, J.

CHAVEZ

---

\*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.