[No. G042940. Fourth Dist., Div. Three. Jan. 5, 2011.]

IRENE TROVATO, Plaintiff and Appellant, v.
BECKMAN COULTER, INC., et al., Defendants and Respondents.

**COUNSEL**

Law Offices of Steven R. Young and Jim P. Mahacek for Plaintiff and Appellant.

Payne & Fears, Daniel F. Fears, Eric C. Sohlgren and Daniel F. Lula for Defendants and Respondents.

**OPINION**

**FYBEL, J.—**

INTRODUCTION

The trial court granted summary judgment in favor of an employer and an employee-supervisor on the ground the one-year statute of limitations had run against a former employee's claims of sexual harassment and retaliation. It is clear to us that there would be a triable issue of material fact whether the former employee was sexually harassed. But it is equally clear the statute of limitations ran on her claims. The last act of harassment or retaliation occurred in January 2007, and the administrative complaint was not filed until May 2008, long after the applicable statute ran.

Accordingly, we must affirm the judgment entered in this case. The undisputed material facts establish that (1) Irene Trovato failed to initiate her case against her former employer, Beckman Coulter, Inc. (Beckman), and her former supervisor, Michael Allyn, within the statutory time limits, and (2) the continuing violation doctrine does not save Trovato's untimely action because the unlawful conduct stopped no later than January 31, 2007. Additionally, we conclude the trial court properly denied Trovato's motion for a new trial, because the evidence Trovato claimed was newly discovered would not have produced a different result.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

Trovato began working for Beckman as a sales representative in January 2006. Allyn was Trovato's direct supervisor for part of her employment at

Beckman. Trovato submitted a letter of resignation on May 14, 2007, with an effective date of May 25, 2007.

On May 8, 2008, Trovato filed an administrative complaint against Beckman with California's Department of Fair Employment and Housing (DFEH). Trovato sued Beckman and Allyn on May 22, 2008. Trovato's complaint asserted causes of action for harassment, in violation of Government Code section 12940, subdivision (j), and retaliation, in violation of section 12940, subdivision (h).[1]

The trial court granted the motion for summary judgment filed by Beckman and Allyn. The court denied Trovato's motion for a new trial. Trovato timely appealed.

## DISCUSSION

## I.

### STANDARD OF REVIEW

We review orders granting summary judgment de novo. (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 767 [107 Cal.Rptr.2d 617, 23 P.3d 1143]; *Village Nurseries v. Greenbaum* (2002) 101 Cal.App.4th 26, 35 [123 Cal.Rptr.2d 555].) Summary judgment "provide[s] courts with a mechanism to cut through the parties' pleadings in order to determine whether, despite their allegations, trial is in fact necessary to resolve their dispute." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 844 [107 Cal.Rptr.2d 841, 24 P.3d 493].) A motion for summary judgment or summary adjudication is properly granted if all the papers submitted establish there is no triable issue of material fact and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c); *Aguilar v. Atlantic Richfield Co., supra*, 25 Cal.4th at p. 843.) A defendant has the initial burden to show that undisputed facts support summary judgment based on the application of an affirmative defense. (*Jessen v. Mentor Corp.* (2008) 158 Cal.App.4th 1480, 1484–1485 [71 Cal.Rptr.3d 714].)

---

[1] Trovato initially alleged causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing, but requested dismissal of those causes of action, due to her status as an at-will employee.

## II.

*TROVATO'S LAWSUIT WAS BARRED BY THE STATUTE OF LIMITATIONS, AND WAS NOT SAVED BY THE CONTINUING VIOLATION DOCTRINE.*

### A.

*The statute of limitations expired before Trovato filed her administrative complaint.*

■ Before filing a lawsuit for harassment or retaliation, a party must file an administrative complaint with the DFEH. (*Romano v. Rockwell Internat., Inc.* (1996) 14 Cal.4th 479, 492 [59 Cal.Rptr.2d 20, 926 P.2d 1114].) The administrative complaint must be filed within one year of the date on which the unlawful practice occurred. (Gov. Code, § 12960, subd. (d); *Romano v. Rockwell Internat., Inc., supra*, 14 Cal.4th at p. 492.)[2]

■ According to the undisputed evidence, the last act of harassment by Allyn against Trovato, and the last act of retaliation by Beckman and Allyn against Trovato, occurred on or about January 31, 2007, when Allyn gave Trovato her 2006 performance review.[3] Therefore, Trovato's administrative complaint had to be filed within one year from January 31, 2007. However, Trovato's administrative complaint was filed with the DFEH on May 8, 2008, more than three months too late.[4]

To establish the triggering of the statute of limitations on January 31, 2007, Beckman and Allyn offered in evidence Trovato's deposition testimony that

---

[2] The statute of limitations starts to run from the time of the *conduct* constituting sexual harassment, as the applicable jury instructions make clear. The elements of Trovato's cause of action for workplace sexual harassment are (1) Trovato was an employee of Beckman; (2) Trovato was subjected to unwanted harassing conduct because of her sex; (3) the harassing conduct was severe or pervasive; (4) a reasonable woman in Trovato's circumstances would have considered the workplace environment hostile or abusive; (5) Trovato's supervisor, Allyn, engaged in the conduct, and/or Beckman's agents knew or should have known of Allyn's conduct and failed to take immediate, appropriate, corrective action; (6) Trovato was harmed; and (7) the harassing conduct was a substantial factor in causing Trovato's harm. (CACI No. 2521A.) The elements of the claim for retaliation are (1) Trovato engaged in protected activity by reporting Allyn's harassment; (2) Beckman took adverse employment actions against Trovato; (3) Trovato's reporting of Allyn's harassment was a motivating reason for the adverse employment actions against her; (4) Trovato was harmed; and (5) Beckman's conduct was a substantial factor in causing Trovato's harm. (CACI No. 2505.)

[3] We have reviewed the record on appeal, and have concluded there was at least enough evidence of sexual harassment by Allyn, and retaliation by Beckman, to have raised a triable issue of material fact justifying denial of the motion for summary judgment on those issues. However, because we also conclude the claims are barred by the statute of limitations, we need not catalogue Allyn's allegedly repugnant conduct here.

[4] Trovato's delay in filing her administrative complaint was intentional. Trovato testified at her deposition that she advised her divorce attorney about Allyn and Beckman's harassing and

there was not "any subsequent incident of alleged sexual harassment involving Mr. Allyn" after the performance review on that date. They also offered Trovato's deposition testimony that she could not recall any incidents of retaliation after November 2006. Beckman and Allyn therefore argue on appeal that Trovato's claims were untimely because the administrative complaint was filed more than one year after January 31, 2007.

In support of her opposition to the motion for summary judgment, Trovato submitted a declaration dated July 30, 2009, in which she stated: "From January 2007 through May 22, 2007, Allyn is not my manager at Beckman, but he is still harassing me." Trovato also declared that she had contact with Allyn after January 31, 2007, and Allyn was "running . . . roughshod" and "didn't have any boundaries." In her declaration, Trovato also stated that although Allyn was no longer her manager after January 31, 2007, she "would be running into Allyn for the rest of my Beckman career. I thought that it (harassment, etc.) was going to last forever. It was beneficial (for me) to be working with Bill (Russell), but I did not feel protected (from Allyn)."

Trovato, however, did not identify any acts of harassment or retaliation occurring after January 31, 2007.[5] In contradiction to the conclusory statements in her declaration, Trovato earlier testified at her deposition, conducted on two separate dates in December 2008 and January 2009, as follows:

"Q . . . Was there any subsequent incident of alleged sexual harassment involving Mr. Allyn [after January 31, 2007]?

"A No, I left just a few months later in May. [¶] . . . [¶]

"Q . . . [A]s you sit here right now, you don't specifically recall any contact with Mr. Allyn after your February of 2007 evaluation by him.

"A No.

"Q Is that a correct statement?

retaliatory conduct "ever since it originally happened"; the divorce attorney told her to wait before filing anything "because we were going through such a horrible divorce."

[5] In her deposition, Trovato testified Allyn refused one of her contracts on February 15, 2007, as evidence of interaction with Allyn, not as an example of alleged harassment or retaliation.

"A Yes."

Trovato further testified:

"Q Do you have any specific recollection of any dealings or interaction with Mr. Allyn after January 31, 2007?

"A No, not—not at this time, no.

"Q Okay. And you've looked at your day planner that you kept for that period of time, and you didn't see any indication or evidence of interaction with Mr. Allyn during that period of time; correct?

"A That's correct. [¶] . . . [¶]

"Q . . . [¶] After January 31, 2007, that last incident of harassment or retaliation at your performance review, do you have any specific recollection of any harassment or retaliation that Mr. Allyn engaged in from that point, January 31, 2007, up until the time you left Beckman?

"A Not that I recall."

The conclusory statements in Trovato's declaration are not sufficient to raise a triable issue of material fact on the statute of limitations issue, and she cannot defeat the grant of summary judgment by contradicting her sworn deposition testimony on material points in a later-filed declaration. (*Shin v. Ahn* (2007) 42 Cal.4th 482, 500, fn. 12 [64 Cal.Rptr.3d 803, 165 P.3d 581]; *D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 22 [112 Cal.Rptr. 786, 520 P.2d 10]; *Whitmire v. Ingersoll-Rand Co.* (2010) 184 Cal.App.4th 1078, 1087 [109 Cal.Rptr.3d 371].)

Trovato did not offer any admissible evidence that, after January 31, 2007, Allyn harassed her or that she suffered any adverse employment actions, much less that such conduct was causally linked to her reporting of Allyn's sexual harassment in the summer of 2006.

### B.

*The continuing violation doctrine does not assist Trovato's case.*

Trovato claims the continuing violation doctrine applies and saves her case, but she is incorrect. The continuing violation doctrine "allows liability

for unlawful employer conduct occurring outside the statute of limitations if it is sufficiently connected to unlawful conduct within the limitations period." (*Richards v. CH2M Hill, Inc.* (2001) 26 Cal.4th 798, 802 [111 Cal.Rptr.2d 87, 29 P.3d 175] (*Richards*).)

In *Richards*, the California Supreme Court adopted a three-prong test to determine whether the continuing violation doctrine applies to harassment claims: "[A]n employer's persistent failure to reasonably accommodate a disability, or to eliminate a hostile work environment targeting a disabled employee, is a continuing violation if the employer's unlawful actions are (1) sufficiently similar in kind—recognizing, as this case illustrates, that similar kinds of unlawful employer conduct, such as acts of harassment or failures to reasonably accommodate disability, may take a number of different forms [citation]; (2) have occurred with reasonable frequency; (3) and have not acquired a degree of permanence. [Citation.]" (*Richards, supra*, 26 Cal.4th at p. 823.) In *Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1059–1060 [32 Cal.Rptr.3d 436, 116 P.3d 1123] (*Yanowitz*), the California Supreme Court made clear that the continuing violation doctrine may apply to a claim for retaliation.

Beckman and Allyn argue that the continuing violation doctrine does not apply in this case because no act of harassment or retaliation occurred during the limitations period, i.e., between February 1, 2007, and January 31, 2008. Beckman and Allyn are correct. "A continuing violation exists if . . . *the conduct occurring within the limitations period* is similar in kind to *the conduct that falls outside the period . . . .*" (*Dominguez v. Washington Mutual Bank* (2008) 168 Cal.App.4th 714, 721 [85 Cal.Rptr.3d 705], italics added; see *Yanowitz, supra*, 36 Cal.4th at p. 1056; *Richards, supra*, 26 Cal.4th at p. 802; *National Railroad Passenger Corporation v. Morgan* (2002) 536 U.S. 101, 117 [153 L.Ed.2d 106, 122 S.Ct. 2061] ["Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability."].)

Trovato counters by arguing that while discrimination and harassment are separate types of unlawful conduct under the California Fair Employment and Housing Act (Gov. Code, § 12900 et seq.), a single act can constitute both discrimination and harassment in violation of Government Code section 12940, subdivisions (a) and (j)(1), and the two separate claims may be supported by the same or overlapping evidence. (*Roby v. McKesson Corp.* (2009) 47 Cal.4th 686, 708–709 [101 Cal.Rptr.3d 773, 219 P.3d 749] (*Roby*).)

This statement of law is correct, but does not help Trovato. Relying on *Roby*, Trovato argues acts of *retaliation* occurring during the limitations period permit the application of the continuing violation doctrine, despite the undisputed fact Trovato did not offer any admissible evidence of an act of *harassment* by Allyn against her after January 31, 2007. There are several problems with this analysis. First, the court in *Roby* did not even consider the continuing violation doctrine. Second, Trovato's appellate counsel incorrectly states that "the *Roby* Court stated that the same conduct can fall under all three . . . subcategories [(discrimination, retaliation, and harassment)]." *Roby* did not involve a claim of retaliation. Finally, and most importantly, *Roby* does not in any way modify the holdings of *Richards* and *Yanowitz*, which require that at least one act of harassment or retaliation occur during the limitations period to make the continuing violation doctrine applicable. Thus, Trovato's reliance on *Roby* is misplaced.

Trovato also argues that she still reported to Allyn after January 31, 2007, until she resigned in May 2007, and that this assignment alone—without any other evidence—was sufficient to constitute harassment or retaliation. There is no authority for this argument, and its acceptance would extend the statute of limitations indefinitely.

With respect to the first cause of action for harassment and the second cause of action for retaliation, we conclude the trial court did not err in determining the causes of action were barred by the statute of limitations, and were not saved by the continuing violation doctrine.

III.

*THE TRIAL COURT DID NOT ERR IN DENYING TROVATO'S MOTION FOR A NEW TRIAL.*

Trovato raised multiple legal grounds in her motion for a new trial. On appeal, however, Trovato argues a single issue regarding the motion—that she had offered newly discovered evidence, in the form of a declaration from a former Beckman employee, that Allyn was employed by Beckman until after Trovato's last day of work. (Code Civ. Proc., § 657, subd. 4.) A new trial may only be granted based on newly discovered evidence if reasonable diligence was exercised in the discovery of the evidence, and the evidence is material to the moving party's case, meaning that it is likely to produce a different result. (*Wood v. Jamison* (2008) 167 Cal.App.4th 156, 161 [83 Cal.Rptr.3d 877].) In light of our holding that the trial court correctly determined the case was barred by the applicable statute of limitations, evidence regarding Allyn's last day of work would not be likely to produce a different result. Trovato's motion for a new trial was properly denied.

## DISPOSITION

The judgment and postjudgment order are affirmed. Respondents to recover costs on appeal.

Rylaarsdam, Acting P. J., and Moore, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 27, 2011, S190403.