Filed 5/23/16  Sabet v. Kavandi CA4/3
Received for posting 5/24/16

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| AZITA SABET,<br><br>Plaintiff and  Respondent,<br><br>v.<br><br>SHABNAM KAVANDI et al.,<br><br>Defendants and Appellants. | G050886<br><br>(Super. Ct. No. 30-2011-00506610)<br><br>O P I N I O N |

Appeal from a judgment and order of the Superior Court of Orange County, Frederick P. Aguirre, Judge.  Affirmed.

Law Offices of Steven R. Young and Steven R. Young for Defendants and Appellants.

Azita Sabet, in pro. per.; Law Offices of Chambers, Noronha & Kubota and Yoshiaki C. Kubota for Plaintiff and Respondent.

## INTRODUCTION

The trial court sustained the demurrer of respondent Azita Sabet to appellant Shabnam Kavandi's first amended cross-complaint without leave to amend because a previous final binding arbitration decision, in Sabet's favor, encompassed the issues of the cross-complaint. These issues should have been raised in the arbitration and could therefore not be raised in court. The court also denied Kavandi's motion for new trial based on newly discovered evidence, which she made to reverse the ruling on the demurrer. Kavandi has appealed from the judgment entered after the demurrer was sustained and from the order denying her motion for new trial.

Kavandi's opening brief, however, contained no argument about the effect of the arbitration decision on her cross-complaint or any authority calling the trial court's ruling into question. Her brief dealt with the denial of the new trial motion only to object to the exclusion of a piece of evidence. Because Kavandi failed to address the basis of the trial court's ruling on the demurrer – a conclusive bar to her cross-complaint – we affirm the judgment of dismissal. Likewise, Kavandi failed to explain how she could amend the complaint to overcome the bar.

Even if the trial court was wrong about whether the newly discovery evidence had to be admissible, the error was not prejudicial. We therefore affirm the order denying the motion for new trial as well.

## FACTS

Kavandi hired Sabet's law firm in September 2009 to represent her and her company, American Funding Express, Inc., in a lawsuit brought against her seeking damages for breach of an oral contract to share commissions. Kavandi signed identical retainer agreements – one for herself individually and the other for her company. The retainer agreement contained an arbitration clause, which provided, "If a dispute arises between Law Office and Client, regarding attorney's fees, and Law Office files suit in

2

any court other than small claims court, Client will have the right to stay that suit by timely electing to arbitrate the dispute."

After Kavandi did not pay the fees billed in connection with the lawsuit, Sabet sued her and American Funding Express in Orange County Superior Court in September 2011. Kavandi petitioned to compel binding arbitration of the fee dispute, which petition was granted without opposition from Sabet.

The arbitration took place at Judicate West before a retired superior court judge on April 12, 2013. The arbitrator issued a notice of intended award on May 31 and a notice of final award on August 16, 2013. The arbitrator awarded Sabet $43,051.98 in fees and costs and spoke highly of the legal services she had rendered to Kavandi. He also spoke highly of the settlement obtained at the end of the case by another lawyer who had built on Sabet's work.

Kavandi filed a cross-complaint in Sabet's superior court fee action on September 9, 2013, after the arbitrator had issued the final award.[1] The cross-complaint alleged negligence, breach of contract, breach of fiduciary duty, fraud, unjust enrichment, and money had and received. With respect to the fraud cause of action, she alleged that Sabat misrepresented her legal experience and her ability to try the case she was hired to defend. Kavandi referred to "a writing dated June 24, 2013," in which Sabet stated she "'cannot recall a single business case that [she] tried or arbitrated.'" At the same time, Kavandi objected to the entry of judgment on the arbitration award.

Sabet petitioned to confirm the arbitration award and demurred to the cross-complaint. The trial court granted the petition on December 13, 2013, confirming the award, and sustained the demurrer with leave to amend. Kavandi filed her first amended cross-complaint on December 23, 2013. The causes of action alleged were fraudulent

---

[1] Kavandi filed a separate complaint against Sabet for fraud on September 3, 2013. In this complaint, she referred to a letter dated June 24, 2013, as admitting Sabet's lack of legal experience and to her alleged practice of running up a large bill for fees. She filed a notice of related case along with the complaint, identifying *Nematollahi v. Jadali* as the related case. The fate of this lawsuit has not been explained.

3

inducement to contract, rescission (based on fraud), breach of fiduciary duty, and negligence. Once again, the fraud causes of action alleged misrepresentation regarding Sabet's experience, this time augmented with a letter dated June 24, 2013, written to another attorney in connection with another case stating that she had not practiced law for several years except for a "number of special cases/clients. . . ."

Sabet demurred again. This time the demurrer was sustained without leave to amend. The trial court ruled that the issues raised in the cross-complaint could have and should have been brought up in the arbitration. The failure to do so barred the claims in a subsequent action. Judgment was entered in Sabet's favor on June 30, 2014, for the amount awarded by the arbitrator and for attorney fees and costs per the retainer agreement.

Kavandi then moved for a new trial. Although the ground for the new trial was not specified in the motion itself, it appeared to have been based on Code of Civil Procedure section 657, subdivision 4, "newly discovered evidence." Kavandi asserted she had obtained a statement of decision from an Orange County Superior Court case, *Nematollahi v. Jadali* (*Nematollahi*), dated April 17, 2014, bolstering Kavandi's claims about Sabet's lack of relevant legal experience. The trial court denied the motion on the ground that the newly discovered evidence was not admissible. Kavandi has appealed from both the judgment and the denial of her motion for new trial.

DISCUSSION

## I.       Demurrer

The trial court sustained Sabet's demurrer without leave to amend on issue preclusion grounds.[2]  "If the matter was within the scope of the action, related to the subject-matter and relevant to the issues, so that it *could* have been raised, the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged.  The reason for this is manifest.  A party cannot by negligence or design withhold issues and litigate them in consecutive actions.  Hence the rule is that the prior judgment is *res judicata* on matters which were raised or could have been raised, on matters litigated or litigable.  In *Price v. Sixth District* [(1927)] 201 Cal. 502, 511. . ., this court said: 'But an issue may not be thus split into pieces.  If it has been determined in a former action, it is binding notwithstanding the parties litigant may have omitted to urge for or against it matters which, if urged, would have produced an opposite result . . . .  This principle also operates to demand of a defendant that all of its defenses to the cause of action urged by the plaintiff be asserted under the penalty of forever losing the right to thereafter so urge them.' [Citations.]"  (*Sutphin v. Speik* (1940) 15 Cal.2d 195, 202.)  An arbitration award, even an unconfirmed one, is the equivalent of a final judgment for res judicata purposes.  (*Bucur v. Ahmad* (2016) 244 Cal.App.4th 175, 186; *Thibodeau v. Crum* (1992) 4 Cal.App.4th 749, 759.)

The trial court sustained Sabet's demurrer to the first amended cross-complaint on the ground that issue preclusion constituted an absolute bar to Kavandi's

---

[2]       Last year, the California Supreme Court admonished one and all to stop throwing the term "res judicata" around without due consideration for its true meaning, while accepting some of the responsibility for this laxness.  (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 823-824.)  In the future, we are all going to use "res judicata" to mean the "overarching doctrine," "claim preclusion" to mean the prohibition against relitigating the same cause of action, and "issue preclusion" to mean the prohibition against relitigating the same issue.  The reason the distinction matters is that claim preclusion applies only between the same parties or their privities, while issue preclusion (the former collateral estoppel) is *not* so restricted.  Only the party to be bound by issue preclusion must have been a party to the previous action.  (*Id.* at pp. 824-825.)

causes of action, including those based on fraud. It stated, "This matter was referred to arbitration for all matters arising out of the attorney client relationship. If attorney Sabet had been guilty of fraud or other malfeasance, [s]he would not have been entitled to recover [her] fees."

The dismissal of the fraud causes of action of the first amended cross-complaint was the only issue Kavandi raised and argued on appeal. Accordingly, it behooved Kavandi to explain to us in her opening brief why the judge was wrong on this point.

"'"Issues do not have a life of their own: if they are not raised or supported by argument or citation to authority, we consider the issues waived."'" (*Paulus v. Bob Lynch Ford, Inc*. (2006) 139 Cal.App.4th 659, 685.) "The reviewing court is not required to make an independent, unassisted study of the record in search of error or grounds to support the judgment. It is entitled to the assistance of counsel." (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 701, p. 769.)

Kavandi's opening brief does not address issue preclusion at all. We therefore treat it as abandoned. "Generally, appellants forfeit or abandon contentions of error regarding the dismissal of a cause of action by failing to raise or address the contentions in their briefs on appeal." (*Wall Street Network, Ltd. v. New York Times Co.* (2008) 164 Cal.App.4th 1171, 1177.) Even if the standard of review is de novo, failure to address an issue constitutes abandonment. (*Ibid.*; see *Proctor v. Vishay Intertechnology, Inc.* (2013) 213 Cal.App.4th 1258, 1272 (*Proctor*) [plaintiffs point to no error in application of collateral estoppel; demurrer correctly sustained].)

The sole issue Kavandi raised in her opening brief with respect to the effect of the arbitration on her cross-complaint was the right of the arbitrator, not the court, to hear and decide the fraud claims. Whether Kavandi is correct on this point is moot. Even if the arbitrator had sole jurisdiction to decide the fraud claims, issue preclusion would prevent Kavandi from returning to arbitration to raise an issue that could have and

should have been raised the first time around. Her failure properly to address issue preclusion on appeal leaves it unchallenged and a sufficient basis for affirming the trial court's ruling.[3]

## II. Leave to Amend

Kavandi argued that she should have been permitted to amend the cross-complaint to state a cause of action for fraud. Once again she failed to mention the effect of issue preclusion on her ability to prosecute such an action. Instead, she merely recited the elements of a cause of action for fraud and the relevant allegations of the cross-complaint. This is an inadequate argument for finding that the trial court abused its discretion in refusing to give her another chance to amend the cross-complaint. "It is an abuse of discretion to deny leave to amend only if an amendment is potentially effective." (*Audio Visual Services Group, Inc. v. Superior Court* (2015) 233 Cal.App.4th 481, 494.) An appellant "must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading." (*Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349.) Kavandi failed to explain how she can plead a fraud cause of action not barred by issue preclusion.

## III. Motion for New Trial

Kavandi raised one point of error with respect to the trial court's denial of her motion for a new trial. She asserted that the trial court erroneously excluded Judge Monarch's statement of decision in *Nematollahi* on the grounds that it was not admissible evidence. She argued that the statement of decision did not have to be admissible in the

---

[3] Kavandi mentioned res judicata (that is, issue preclusion) in her reply brief. This is, again, too late. (See *Proctor, supra*, 213 Cal.App.4th at p. 1273; *Campos v. Anderson* (1997) 57 Cal.App.4th 784, 794, fn. 3.)

7

arbitration, citing California Rules of Court, rule 3.823(b).[4]  On appeal from the denial of a motion for new trial on evidentiary grounds, we review the entire record to ascertain whether the claimed error was prejudicial.  (*Bender v. County of Los Angeles* (2013) 217 Cal.App.4th 968, 981; *Ajaxo Inc. v. E*Trade Financial Corp.* (2010) 187 Cal.App.4th 1295, 1307.)

Code of Civil Procedure section 657 provides:  "The verdict may be vacated and any other decision may be modified or vacated, in whole or in part, and a new or further trial granted on all or part of the issues, on the application of the party aggrieved, for any of the following causes, materially affecting the substantial rights of such party: [¶] . . . [¶] 4. Newly discovered evidence, material for the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial."

The court rule regarding the admissibility of certain kinds of documents in arbitration clearly refers to (1) expert reports and (2) records of the kind subject to the business records exception of Evidence Code section 1271.  The *Nematollahi* statement of decision falls into neither of these categories.

Kavandi's argument suffers from a more basic defect.  Her motion for a new trial was made subsequent to the sustaining of a demurrer without leave to amend. A motion for a new trial is the proper procedure to seek a reexamination of the ruling on a demurrer.  (See *Carney v. Simmonds* (1957) 49 Cal.2d 84, 88-91.)  Kavandi's new trial motion, however, sought reexamination of the ruling on the *demurrer*, not on the *arbitration*.  Regardless of when Kavandi obtained the statement of decision, she already

4        California Rules of Court, rule 3.823(b) provides, in pertinent part:  "Application of civil rules of evidence.  The rules of evidence governing civil cases apply to the conduct of the arbitration hearing, except: [¶] (1) Written reports and other documents.  Any party may offer written reports of any expert witness, medical records and bills (including physiotherapy, nursing, and prescription bills), documentary evidence of loss of income, property damage repair bills or estimates, police reports concerning an accident that gave rise to the case, other bills and invoices, purchase orders, checks, written contracts, and similar documents prepared and maintained in the ordinary course of business."

8

knew about Sabet's alleged misrepresentations; they formed the basis of the fraud causes of action in the original cross-complaint and the first amended cross-complaint. The statement of decision added nothing to the allegations already in the pleadings. Whether it was admissible *in the arbitration* is irrelevant.

By the same token, the evidence must be not only "newly discovered" but also "material." "Material" in this context means "likely to produce a different result." (See *Trovato v. Beckman Coulter, Inc.* (2011) 192 Cal.App.4th 319, 327; *Lubeck v. Lopes* (1967) 254 Cal.App.2d 63, 68.) The statement of decision added nothing material to the fraud causes of action in the first amended cross-complaint. It already contained allegations of misrepresentations about Sabet's legal experience.

Finally, Kavandi argues that she could not have discovered evidence regarding Sabet's legal experience, or lack thereof, because the arbitration provision in the retainer agreement did not incorporate Code of Civil Procedure section 1283.05 through section 1283.1.[5] She makes this argument with respect not only to the *Nematollahi* statement of decision but also the June 24, 2013 letter, quoted in the original cross-complaint. This letter was written to an attorney representing another client against Sabet and referred to her responses to special interrogatories seeking information about her legal experience.

The Code of Civil Procedure does not provide the only vehicle for discovery in arbitration. Alternative dispute resolution providers routinely permit

---

[5] Code of Civil Procedure section 1283.05, subdivision (a) provides "After the appointment of the arbitrator or arbitrators, the parties to the arbitration shall have the right to take depositions and to obtain discovery regarding the subject matter of the arbitration, and, to that end, to use and exercise all of the same rights, remedies, and procedures, and be subject to all of the same duties, liabilities, and obligations in the arbitration with respect to the subject matter thereof, as provided in Chapter 2 (commencing with Section 1985) of Title 3 of Part 4, and in Title 4 (commencing with Section 2016.010) of Part 4, as if the subject matter of the arbitration were pending before a superior court of this state in a civil action other than a limited civil case, subject to the limitations as to depositions set forth in subdivision (e) of this section."

Code of Civil Procedure section 1283.1, subdivision (b), provides, "Only if the parties by their agreement so provide, may the provisions of Section 1283.05 be incorporated into, made a part of, or made applicable to, any other arbitration agreement."

9

discovery, albeit somewhat different from the Code of Civil Procedure variety, as part of the arbitration process. Kavandi could have questioned Sabet along the same lines that the attorney who represented Sabet's other client: provide the case numbers, county, and year of the last five court trials Sabet tried to verdict and the last five binding arbitrations. Indeed, in light of Sabet's quantum meruit claim in the original complaint, such information would have been indispensible.

In short, the evidence upon which Kavandi based her motion for new trial was neither material nor undiscoverable with reasonable diligence. Whether or not it needed to be admissible, Kavandi was not prejudiced by the denial of the new trial motion. She did not meet the criteria for granting such a motion. (See *Horowitz v. Noble* (1978) 79 Cal.App.3d 120, 137-138 ["While the granting of a new trial on the ground of newly discovered evidence is ordinarily a matter which is committed to the sound discretion of the trial court, where the evidence adduced in support of the motion is lacking in essential particulars, there is no basis for the exercise of discretion."]

## DISPOSITION

The judgment is affirmed. The order denying appellant's motion for new trial is affirmed. Respondent is to recover her costs on appeal.


BEDSWORTH, ACTING P. J.

WE CONCUR:


ARONSON, J.


THOMPSON, J.


10