Filed 1/22/24  Friends of Westwanda Drive v. City of Los Angeles CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| FRIENDS OF WESTWANDA DRIVE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CITY OF LOS ANGELES,<br><br>    Defendant;<br><br>KARLA SHAHIN et al.,<br><br>    Real Parties in Interest and Appellants. | B321479<br><br>(Los Angeles County Super. Ct. No. 20STCP03490) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Mary H. Strobel, Judge.  Affirmed.

Luna & Glushon and Kristina Kropp for Real Parties in Interest and Appellants.

Channel Law Group, Jamie T. Hall and Julian K. Quattlebaum for Plaintiff and Respondent.

_____

This appeal is related to *Friends of Westwanda Drive v. City of Los Angeles* (Jan. 22, 2024, B314932 [nonpub. opn.]) and involves a continued dispute among neighbors.  In this case, the trial court issued a peremptory writ of mandate based on evidence the City of Los Angeles (City) improperly granted building and grading permits for a proposed home construction (Project) in violation of Los Angeles Municipal Code section 12.21.C.10(i)(3).[1]  That ordinance prohibits the granting of such permits unless the roadway on which the Project is located satisfies a minimum width requirement or the construction is approved by a zoning administrator (ZA).

The issues raised are (1) whether section 12.21.C.10(i)(3) supported the City's issuance of the permits; and (2) whether the trial court erred in refusing to grant a new trial or otherwise agree to consider evidence of supplemental permits that cured any purported defects in the original permits or rendered them moot.  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

**I.    Facts**

Karla Shahin owns a lot on Westwanda Drive in Benedict Canyon.[2]  The lot sits on the corner of Westwanda Drive and Stowell Lane in a hillside residential development.  Any home construction is therefore regulated by the Single-family Zone Hillside Development Standards of section 12.21.

---

[1] Further undesignated statutory references are to the Los Angeles Municipal Code, unless otherwise indicated.

[2] The street name is referred to in the record as "Westwanda Drive" or "West Westwanda Drive."  We shall use "Westwanda Drive," the name used by the parties.

Real parties in interest Shahin and her husband Armen Melkonians (collectively real parties) planned to build a two-story single-family home and a site retaining wall and to have the lot graded. Shahin applied to the Department of Building and Public Safety/Public Works (LADBS) for the necessary ministerial permits.

In May 2018, the City's Bureau of Engineering (BOE) determined Westwanda Drive and Stowell Lane, the two roadways adjacent to the Shahin lot, satisfied the minimum roadway width requirement of 20 feet pursuant to section 12.21.C.10(i)(3). BOE relayed an electronic clearance to LADBS, which issued the requested permits to Shahin.

Neighborhood residents became concerned the permits were issued to Shahin in error. Friends of Westwanda Drive (Friends) believed Westwanda Drive did not meet the minimum roadway width requirement and notified the LADBS and BOE.

At some point, BOE conducted a survey and informed LADBS of the result. The survey confirmed that multiple portions of Westwanda Drive measured less than 20 feet in width. Many permits had been issued to residents based on this "mistaken information." On September 6, 2018, BOE declined to take "any other action."

## II.    Administrative Appeals

On February 27, 2020, Friends filed an appeal (a request for modification), contesting the issuance of the permits to Shahin.[3] Friends contended LADBS issued the permits in error based on BOE's erroneous clearance. A survey, commissioned by

---

[3] Friends originally filed an appeal in September 2018, which LADBS never processed, and the file was misplaced.

3

Friends, showed Westwanda Drive measured less than the minimum roadway width requirement in many places. As a result, Friends argued, no building or grading permits could be issued unless the street was widened to 20 feet or a zoning administrator determination (ZAD) was granted in accordance with section 12.21.C.10(i)(3). Shahin's permits should, therefore, be revoked as prematurely issued. On March 10, 2020, LADBS denied the appeal without comment or written findings.

Friends next appealed to the Board of Building and Safety Commissioners (BBSC). BBSC held a public hearing on July 28, 2020, during which Friends's appeal was considered. According to a LADBS staff member's testimony and report on appeal, only one of Friends's issues fell within BBSC's purview—whether LADBS erred or abused its discretion in issuing permits based on BOE's erroneous clearance. LADBS's position was BOE's task was to verify that section 12.21.C.10(i)(3)'s requirements had been met before issuing a clearance. LADBS was therefore authorized to rely on BOE's clearance and grant permits where, as here, the clearance was never rescinded.

An LADBS representative testified despite BOE's initial e-mails to the contrary, "after further evaluation, it was agreed that this clearance was not issued in error." No further explanation was provided; no one from BOE testified.

BBSC's deliberations suggest at least one commissioner believed LADBS had no authority to override a determination by a different City agency, namely BOE. Another commissioner echoed the LADBS staff member's argument that LADBS did not err by granting permits based on the BOE clearance, which was never canceled or withdrawn.

4

On July 31, 2020, BBSC issued a letter of determination that "LADBS properly complied with all regulations and policies." BBSC later denied Friends's motion for reconsideration.

### III. Writ Proceedings

In October 2020, Friends filed a petition for writ of mandate against the City and LADBS. As pleaded, the first cause of action was for traditional mandate against LADBS under Code of Civil Procedure section 1085. The second cause of action was for administrative mandate against BBSC under Code of Civil Procedure section 1094.5. The City and real parties separately opposed the petition.

On February 7, 2020, after hearings and rounds of supplemental briefing, the trial court issued a 19-page order granting the petition. The court ruled "no substantial evidence supports LADBS's determination that the 20-foot requirement of section 12.21.C.10(i)(3) was satisfied with respect to the subject Property." The court also ruled "BBSC['s] decision must be set aside" for the same reason, and because LADBS did not have a ministerial duty to grant permits that were based on an erroneous clearance issued by another department.

The trial court scheduled a status conference and invited the parties to submit supplemental briefs on the appropriate remedy. On March 9, 2022, the day before the hearing, real parties filed supplemental declarations that they had obtained a new BOE clearance and were issued a "supplemental" building permit to the original building permit. The documents showed the new clearance and supplemental permit were "obtained for widening Westwanda from Benedict Canyon to comply with minimum CPR [continuous paved roadway] of twenty (20) ft." A building permit bond had been posted; construction was to be

5

completed before a certificate of occupancy was issued. Copies of the documents were attached as exhibits. Friends objected to the evidence.

Following argument at the March 10, 2022 hearing, the trial court issued a minute order, rejecting real parties' proffered evidence. The court explained Friends did not have an opportunity to consider the evidence, and the record had not been augmented.

On May 12, 2022, the trial court entered judgment in favor of Friends and ordered a peremptory writ of mandate be issued directing LADBS to revoke the building permits and BBSC to set aside its decision affirming LADBS's issuance of the permits. This appeal followed.

## DISCUSSION

## I.     Statutory Interpretation of Section 12.21.C.10(i)(3)

Real parties do not challenge the sufficiency of the evidence to support the trial court's findings the minimum 20-feet-roadway-width requirement of section 12.21.C.10(i)(3) was not met. Instead, they argue the ordinance plainly exempted their Project from that requirement and supported the issuance of the original permits.

"We review this question of statutory interpretation de novo."[4] (*Lopez v. Ledezma* (2022) 12 Cal.5th 848, 857.) "We interpret ordinances using the same rules of interpretation applicable to statutes." (*Lyles v. Sangadeo-Patel* (2014) 225 Cal.App.4th 759, 764.) " 'Statutory construction begins with the

---

[4] Because we engage in an independent review, we decline real parties' invitation to address the trial court's interpretation of or failure to interpret the ordinance.

plain, commonsense meaning of the words in the statute,
" 'because it is generally the most reliable indicator of legislative
intent and purpose.' " [Citation.] "When the language of a
statute is clear, we need go no further." ' [Citation.] Where the
language of the statute is potentially ambiguous, ' "[i]t is
appropriate to consider evidence of the intent of the enacting
body in addition to the words of the measure, and to examine the
history and background of the provision, in an attempt to
ascertain the most reasonable interpretation." ' " (*Valdez v.
Costco Wholesale Corp.* (2022) 85 Cal.App.5th 466, 472, quoting
*People v. Manzo* (2012) 53 Cal.4th 880, 885–886.)

Section 12.21.C.10(i)(3) was the controlling ordinance in
this case. The ordinance breaks down substantively as follows:
Section 12.21 contains general area zoning regulations for the
City. Section 12.21.C.10 sets forth the "Single-Family Zone
Hillside Area Development Standards" in provisions (a) through
(l), including floor area, height, and grading of the property,
among other things. Section 12.21.C.10(i) addresses street access
in hillside areas. Section 12.21.C.10(i)(3) provides: "For any new
construction of, or addition to, a One-Family Dwelling on a Lot
that does not have a vehicular access route from a Street
improved with a minimum 20-foot wide continuous paved
roadway from the driveway apron that provides access to the
main residence to the boundary of the Hillside Area, no Building
permit or Grading permit shall be issued unless the construction
or addition meets the requirements of this Subdivision 10. or has
been approved by a Zoning Administrator pursuant to Section
12.24 X.28 of this Code."

The parties do not dispute the language of section
12.21.C.10.(i)(3) is clear and the minimum 20-feet roadway width

7

is one of the ordinance's requirements. The parties disagree, however, whether the ordinance must be read to relieve real parties from having to comply with this requirement. Real parties argue section 12.21.C.10.(i)(3) does not mean what it says when it dictates the proposed construction is to have a minimum 20-feet roadway width but also states the requested permits shall nonetheless issue if the proposed construction "meets the requirements of this Subdivision." According to real parties, the phrase "meets the requirements of this Subdivision 10" must really mean "*otherwise* meets the requirements of this Subdivision 10." In other words, although it did not meet the minimum 20-feet-roadway-width requirement at the time, the proposed construction was nonetheless exempt, having satisfied all (other) subdivision 10 requirements; the permits were not issued in error.

We reject real parties' interpretation of section 12.21.C.10(i)(3) and agree with Friends's view. Real parties have misread the plain language of the ordinance. What triggers the application of section 12.21.C.10(i)(3) concerns the street access to the "Lot" on which the proposed "construction or addition" is to be built, not the proposed construction or addition itself: If the lot "does not have a vehicular access route from a Street" with a minimum 20-feet roadway width, no permits "shall be issued." (§ 12.21.C.10(i)(3).) However, the ordinance further provides the permits can be issued if the property owner's proposed construction or addition either "meets the requirements of this Subdivision 10" or obtains the approval of a ZA. (*Ibid.*) So, if the property owner satisfies all subdivision 10 requirements, including the minimum 20-feet roadway width as part of the proposed construction, the permits may be issued. Here, the

8

original permits would have been properly issued to Shahin if she had either widened Westwanda Drive or obtained a ZAD as required by section 12.21.C.10(i)(3). The ordinance does not contain the exemption urged by real parties.

## II.   New Trial Motion

On May 27, 2022, after the trial court rejected their proffered new BOE clearance and supplemental building permit, real parties filed a notice of intent to move for a new trial, or in the alternative, to vacate the judgment, reopen the case for further proceedings, and/or augment the record (motion for new trial). On June 6, 2022, they filed the motion and, following a hearing, the trial court denied the requested relief.[5] Real parties contend the ruling was prejudicial error.

### A.   Standard of Review

"The denial of a new trial motion is reviewed for an abuse of discretion, except that a trial court's factual determinations are reviewed under the substantial evidence test." (*Minnegren v. Nozar* (2016) 4 Cal.App.5th 500, 514, fn. 7; see *People v. Johnson* (2019) 8 Cal.5th 475, 524 ["We will not disturb a trial court's denial of a motion for a new trial unless 'a "manifest and unmistakable abuse of discretion" ' clearly appears"].)

### B.   Newly Discovered Evidence

Code of Civil Procedure section 657 governs motions for new trials. Among other grounds, a new trial may be granted for newly discovered evidence.[6] (Code Civ. Proc., § 657, subd. 4.) "A

---

[5] The City joined in the relief sought by real parties but is not a party to this appeal.

[6] A new trial motion may also be granted based on irregularity in the court proceedings, accident or surprise, newly discovered evidence, insufficient evidence to justify the verdict or

9

new trial may only be granted based on newly discovered evidence if reasonable diligence was exercised in the discovery of the evidence, and the evidence is material to the moving party's case, meaning that it is likely to produce a different result." (*Travoto v. Beckman Coulter, Inc.* (2011) 192 Cal.App.4th 319, 327.)

The trial court concluded the new BOE clearance and supplemental building permit were not newly discovered evidence within the meaning of the statute for two reasons: First, citing *Aron v. WIB Holdings* (2018) 21 Cal.App.5th 1069, the court determined the evidence did not meet the requirement that it be in existence, but undiscovered, at the time of the trial or hearing. (*Id.* at p. 1079.) According to their declarations, real parties sought and obtained the evidence on March 8, 2022, well after the court's February 7, 2022 ruling on the merits.

Second, even if the new BOE clearance and supplemental building permit were viewed as newly discovered evidence, real parties failed to show they had exercised reasonable diligence in discovering that evidence. Their declarations failed to state why

---

other decision, or for any error in law, which occurred at the trial and to which the party making the new trial motion objected. (Code Civ. Proc., § 657, subds. 1, 3, 4, 6 & 7.) Real parties listed all these as grounds for their new trial motion. However, they failed to develop any supporting arguments beyond vague and conclusory assertions in the trial court and on appeal. (*Howard v. American National Fire Ins. Co.* (2010) 187 Cal.App.4th 498, 523 ["Conclusory assertions of error are ineffective in raising issues on appeal."].) Likewise, legal claims made without legal analysis and without citation of authority are deemed forfeited. (*People v. Stanley* (1995) 10 Cal.4th 764, 793.) Having failed to elaborate or support such claims, they are deemed forfeited.

the evidence was not acquired and presented prior to the trial on the writ petition.

The trial court did not abuse its discretion by denying the new trial motion.  The new BOE clearance and supplemental building permit were not newly discovered evidence under Code of Civil Procedure section 657, subdivision 4.  In *Aron v. WIB Holdings, supra,* 21 Cal.App.5th 1069, we held to be "newly discovered" the evidence must have been in existence at the time of trial.[7]  (*Id.* at p. 1079.)  "Implicit in that term is the concept that the evidence existed, but remained undiscovered at the time of trial."  (*Ibid.*)  Here, the evidence, and the events upon which the evidence was based, did not exist until weeks after the trial court had ruled on the writ petition.  The new BOE clearance and supplemental building permit application amounted to newly *created* evidence rather than newly discovered evidence for purposes of a new trial motion.  To hold otherwise would encourage continuous requests for new trials by reason of evidence developed or secured posttrial.

## III.   Mootness

It is real parties' position this action was mooted by the "newly discovered evidence" described above.  They argue the supplemental permit, on its face, was issued to "cure [LADBS's]

---

[7] In *Aron v. WIB Holdings, supra,* 21 Cal.App.5th at pages 1079–1080, we concluded the appellate division's remittitur affirming the underlying unlawful detainer judgment, issued after the trial court's order granting an anti-SLAPP motion and dismissing tenant's complaint was not "newly discovered evidence" within the meaning of Code of Civil Procedure section 657, subdivision 4, because the remittitur did not exist at the time of the anti-SLAPP hearing.

11

error" by "capturing a new BOE clearance." In other words, real parties now had to widen Westwanda Drive to 20 feet as Friends demanded. According to real parties, Friends's "one theory" in its writ petition—that LADBS issued permits premised on an erroneous BOE clearance—is no longer in controversy thanks to the new clearance.

Moot cases are " '[t]hose in which an actual controversy did exist but, by the passage of time or a change in circumstances, ceased to exist.' " (*Wilson & Wilson v. City Council of Redwood City* (2011) 191 Cal.App.4th 1559, 1573.) "Regardless of the nature of the intervening events that lead to a finding of mootness, a common denominator in mootness cases is that the court expressly or impliedly concludes there is no longer an existing controversy before it upon which effectual relief may be granted." (*Association of Irritated Residents v. Department of Conservation* (2017) 11 Cal.App.5th 1202, 1223.) Simply put, "[a] case becomes moot when a court ruling can have no practical impact or cannot provide the parties with effective relief." (*Simi Corp. v. Garamendi* (2003) 109 Cal.App.4th 1496, 1503.)

The trial court was not persuaded by real parties' argument. Nor are we. First, the new BOE clearance and supplemental permit did not prevent the court from granting Friends effective relief from the original permits and BBSC decision. Real parties' proffered new evidence was not at issue in the writ proceeding. Had that evidence consisted instead of LADBS's revocation of those prior permits or BBSC's reversal of that prior decision, real parties' mootness argument would have more traction. Additionally, the question whether the new evidence "cured" prior deficiencies, as real parties claim, must be administratively exhausted with the City before a civil suit can

12

be filed.  (§§ 98.0403.1(b), 98.0403.2.)  Finally, Friends's writ petition was not solely limited to challenging LADBS's issuance of the permits.  The petition also sought to set aside BBSC's decision that LADBS had a ministerial duty to approve BOE's erroneous clearance, because BOE is a separate agency and had not rescinded the clearance.  Whether BBSC's decision was a prejudicial abuse of discretion would not have been rendered moot by real parties' new evidence.

Obviously, the supplemental permit is not irrelevant.  It is for the trial court to assess in the first instance whether that permit sufficiently addresses the writ it has issued and warrants discharge of that writ.  All we hold here is that the supplemental permit does not render this appeal moot.

## DISPOSITION

The judgment is affirmed.  Friends of Westwanda Drive shall recover its costs on appeal.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:


CHAVEZ, J.


HOFFSTADT, J.

14