Filed 8/13/25  Avorh v. San Diego Community College Dist. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| JOHN AVORH,<br><br>        Plaintiff and Appellant,<br><br>        v.<br><br>SAN DIEGO COMMUNITY COLLEGE DISTRICT,<br><br>        Defendant and Respondent. | D083486<br><br>(Super. Ct. No. 37-2020-00031025-CU-OE-CTL)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING<br><br>NO CHANGE IN JUDGMENT |

THE COURT:

On our own motion, we modify the opinion filed on July 24, 2025 to (1) delete the last sentence and corresponding citation on page 7 and (2) replace it with "The parties shall bear their own costs on appeal."  With this modification, the disposition shall now read, "We affirm.  The parties shall bear their own costs on appeal."  There is no change in the judgment.


Separately, the petition for rehearing is denied.

IRION, Acting P. J.

Copies to:  All parties

Filed 7/24/25  Avorh v. San Diego Community College Dist. CA4/1 (unmodified opinion)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| JOHN AVORH, | D083486 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2020-00031025-CU-OE-CTL) |
| SAN DIEGO COMMUNITY COLLEGE DISTRICT, | |
| Defendant and Respondent. | |


APPEAL from a judgment of the Superior Court of San Diego County, Timothy B. Taylor and Marcella O. McLaughlin, Judges.  Affirmed.

San Diego Employment Attorneys Group and Dennis N. Brady for Plaintiff and Appellant.

Artiano Shinoff, Paul V. Carelli, IV, Gil Abed, and Lauren Cambronero for Defendant and Respondent.

John Avorh, a former tenured professor with the San Diego Community College District, appeals the summary adjudication on his harassment and failure to prevent harassment claims against the District.  His claims relate to reviews students posted on a third-party website.  But the only review posted within the statute of limitations is dated *after* Avorh resigned, and he

testified he did not look up the reviews after resigning, so it cannot be the basis for an actionable harassment claim. The claims being time-barred, we perceive no triable issue of material fact precluding summary adjudication. Thus, resolving this matter by memorandum opinion (see generally *People v. Garcia* (2002) 97 Cal.App.4th 847), we affirm.

I.

Avorh identifies as a Black man who was born in Ghana and speaks with an accent. He was employed by the District for over 24 years until he resigned his "tenured full professor" position in January 2020.

Some of Avorh's students posted reviews about his classes on a third-party website. The record contains 201 reviews over an 18-year period, from 2002 to 2020. No reviews were posted in 2019, and the lone review posted in 2020 is dated May 27.

In February 2022, Avorh filed an administrative complaint with the Department of Fair Employment and Housing, in which he claimed, as relevant here, harassment based on the online student reviews. He claimed "many" of the reviews were "critical" of him and "motivated by racism and [his] national origin."

In the operative complaint, Avorh asserted claims under the Fair Employment and Housing Act for retaliation; harassment based on race, national origin, ancestry, and color; and failure to prevent harassment based on the same characteristics.

The District moved for summary adjudication of the harassment claims, arguing (1) the claims were time-barred for failure to exhaust administrative remedies and (2) there was no actionable harassment or failure to prevent harassment.

The trial court found no triable issue of material fact that Avorh was subjected to actionable harassment and granted summary adjudication on that basis, so it declined to decide if the claims were time-barred.

After Avorh voluntarily dismissed his remaining retaliation claim, the court entered judgment in the District's favor.

## II.

Avorh argues summary adjudication was improper because his harassment and failure to prevent harassment claims were timely (1) without the continuing violation doctrine and (2) if necessary, by applying the continuing violation doctrine. We disagree.

Our review of summary adjudication mirrors that of summary judgment. (See *Orange County Water Dist. v. Sabic Innovative Plastics US, LLC* (2017) 14 Cal.App.5th 343, 367.) These motions serve to "cut through the parties' pleadings in order to determine whether, despite their allegations, trial is in fact necessary to resolve their dispute." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843.) Summary judgment is proper if no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).)

"On appeal, we examine the record de novo, viewing the evidence in the light most favorable to the plaintiff as the losing party and resolving any evidentiary doubts or ambiguities in [the plaintiff's] favor.*"* (*Bailey v. San Francisco Dist. Attorney's Office* (2024) 16 Cal.5th 611, 620.) Given our de novo review, we will affirm summary adjudication "if it is correct on any ground that the parties had an adequate opportunity to address in the trial court, regardless of the trial court's stated reasons." (*Securitas Security Services USA, Inc. v. Superior Court* (2011) 197 Cal.App.4th 115, 120.)

3

Before suing under FEHA, one must timely file an administrative complaint with the DFEH. (*Pollock v. Tri-Modal Distribution Services, Inc.* (2021) 11 Cal.5th 918, 931.) Until 2020, a plaintiff had to file a DFEH complaint within one year of the alleged unlawful practice. (Gov. Code, § 12960, former subd. (d).) As of 2020, the statute of limitations was extended to three years. (§ 12960(e).)

## A.

To start, Avorh contends his February 2022 DFEH complaint was timely because the harassment claims "did not arise" until his former supervisor, in a January 2022 deposition, opined that complaints about Avorh being "not understandable" were "very distasteful" and racist. Without any supporting authority, this point is forfeited. (*In re Champion* (2014) 58 Cal.4th 965, 986.)

Next, Avorh speculates that "presumably every day, new people go online and see the reviews[,] causing more and more great harm to [his] reputation and more and more mental distress and mental anguish." But with neither record nor legal support, this point is also forfeited. (*Champion,* 58 Cal.4th at p. 986.)

## B.

Because Avorh did not file his DFEH complaint until February 2022, any claim based on allegedly unlawful conduct occurring before 2020, when the statute of limitations was extended to three years, is untimely absent an exception. (See *Wawrzenski v. United Airlines, Inc.* (2024) 106 Cal.App.5th 663, 694-695 [noting bill extending limitations period expressly did not revive lapsed claims].) Avorh invokes the continuing violation doctrine, but as he has not identified unlawful conduct within the statute of limitations, we disagree it applies here.

4

The continuing violation doctrine holds an employer "liable for actions that take place outside the limitations period if these actions are sufficiently linked to unlawful conduct that occurred within the limitations period." (*Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1056.) To apply, "at least one act of harassment or retaliation [must] occur *during* the limitations period." (*Trovato v. Beckman Coulter, Inc.* (2011) 192 Cal.App.4th 319, 327, italics added.)

Here, it is undisputed the only review within the statute of limitations was posted in May 2020. Avorh contends (1) it "is clearly racially motivated" and (2) the District's "policy of doing nothing . . . car[r]ied over" to the May 2020 review such that the continuing violation doctrine applies.

Yet that review was posted *after* Avorh resigned in late January 2020. As relevant here, actionable harassment under FEHA requires unwelcome conduct based on a protected characteristic that is sufficiently severe or pervasive as to alter the conditions of the plaintiff's employment. (*Doe v. Department of Corrections & Rehabilitation* (2019) 43 Cal.App.5th 721, 736.) The conduct must create a hostile or abusive work environment. (*Ibid.*) Avorh does not show how a review posted months *after* he stopped working at the District could have affected his work environment. At oral argument, Avorh's counsel conceded the post-resignation review did not affect his work environment. Even so, he suggested the review could still support an actionable harassment claim because it affected Avorh's "personal sense of well-being." (Citing Gov. Code, § 12923(a).) That reference to well-being, however, is still confined to the work environment, as it comes at the end of a sentence about when harassing conduct "creates a hostile, offensive, oppressive, or intimidating *work environment.*" (*Ibid.*, italics added.) Avorh cites no authority interpreting "personal sense of well-being," as used in

5

Government Code section 12923(a), as a way to establish actionable harassment entirely divorced from the work environment. Because—as Avorh concedes—the post-resignation review did not affect his work environment, we conclude it cannot be the basis for applying the continuing violation doctrine.

In addition, Avorh testified in deposition that he never looked up the student reviews after resigning. A review Avorh did not read is "not relevant to the issue of whether [he] was subjected to unwelcome harassment insofar as [he] was unaware of such statements when" he worked at the District. (*Galvan v. Dameron Hospital Assn.* (2019) 37 Cal.App.5th 549, 563-564.)

Absent a showing of actionable harassment during the limitations period, the continuing violation doctrine does not apply. (*Trovato*, 192 Cal.App.4th at p. 326.) As a result, there is no triable issue of material fact as to the untimeliness of Avorh's harassment claims. And without any timely, valid harassment claims, the derivative failure to prevent harassment claims fail as a matter of law. (See *Featherstone v. Southern California Permanente Medical Group* (2017) 10 Cal.App.5th 1150, 1166.)

Because we affirm summary adjudication on timeliness grounds, we do not need to reach the parties' other arguments.

### III.

We affirm.  The District is entitled to recover its appellate costs.  (Cal. Rules of Court, rule 8.278(a)(1).)

CASTILLO, J.

WE CONCUR:


IRION, Acting P. J.


DATO, J.